MARY A. RAGALI *vs.* MARY B. HOLMES ET ALS. (COMMISSIONERS OF HAIRDRESSERS AND COSMETICIANS).

Third Judicial District, New Haven, June Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 29th, 1931.

*Bernard A. Kosicki,* Assistant Attorney-General, with whom was *Ernest L. Averill,* Deputy Attorney-General, and, on the brief, *Warren B. Burrows,* Attorney-General, for the appellants (defendants).

*Joseph G. Shapiro,* with whom, on the brief, was *Harry Allison Goldstein* and *Charles S. Brody,* for the appellee (plaintiff).

HINMAN, J. Section 2895 of the General Statutes defines a "hairdresser" as "one who arranges, dresses, curls, waves, weaves, singes, bleaches or colors the hair or treats the scalp of a female for compensation"; "cosmetician" "is any person who by his hands or appliances or by the use of cosmetic preparations, antiseptics, tonics, lotions, creams, powders, oils or clays, engages for compensation in massaging, cleansing, stimulating, manipulating, exercising or beautifying, or in doing similar work on, the face, neck or arms, or who manicures the nails, of any female." Manifestly, most of the operations mentioned require a considerable degree of care and skill; some of them are fraught with danger of personal injury or disfigurement unless competently performed; few if any are such as have commonly been done by barbers and none are within the scope of the statutory definition of that occupation (§ 2883) hereinafter quoted or of the training and experience requisite to obtain a barber's license under § 2882.

The obvious purpose of Chapter 165 of the General Statutes (adopted as Chapter 303 of the Public Acts of 1927) is to provide a system of regulation of the qualifications of hairdressers and cosmeticians and the conduct of business as such under commissioners provided for in § 2893. Section 2895 not only prescribes the definitions above quoted, but also defines "apprentice" or "student" and "operator." Section 2896 provides that "the manager or proprietor of any shop, store or place in which it is desired to conduct the business of a hairdresser or a cosmetician shall apply to the commissioners for registration of such shop,

store or place, and shall secure registration thereof as such shop, store or place for one year . . . on payment of a registration fee of ten dollars for the registration of each occupation to be conducted therein, and, on evidence, satisfactory to the board, that such shop, store or place is, with respect to its location and appointments, suitable and sanitary, and will be conducted in compliance with law and with the rules and regulations of said board, a certificate of registration shall be issued to such proprietor." The registration so provided for clearly pertains to the place of business itself, without reference to the qualifications of the persons in charge of it or employed therein.

Then follows a provision (§ 2897) that "each such registered shop, store or place shall be under the management of a registered hairdresser or cosmetician, as the case may be, and, in case of his temporary absence, of an assistant hairdresser or assistant cosmetician licensed in accordance with the provisions of this chapter." The purpose and requirement of this section obviously is that the work done in the establishment shall be under the supervision of a person of established qualifications and skill therein, similarly as, for example, is provided in Chapter 159, relating to the practice of dentistry. It is further required by §§ 2899 and 2900 that each person engaging in the occupation of hairdresser, cosmetician, assistant hairdresser or assistant cosmetician shall obtain a license therefor upon the application, preliminary qualifications, and examination and payment of fee therein prescribed.

In addition to the definitions above quoted, and of apprentice or student, "operator" is defined (§ 2895) as "a person, not an apprentice, who engages in and follows any of the practices of the classified occupations included in this chapter." Section 2904 is as follows: "The provisions of this chapter shall not

affect any person holding a barber's license under the provisions of chapter 164, except that any person holding such barber's license who shall desire to perform any of the work of a hairdresser or cosmetician, as defined in section 2895, shall apply for a license to perform such hairdresser's or cosmetician's work to the commissioners and shall secure such license upon the payment of the prescribed fee and after proving by practical demonstration to the commissioners that he is able to perform such work." Chapter 164, so far as concerns registration or license thereunder, pertains entirely to the practice of the occupation of barber, which is defined (§ 2883) as "to shave and trim the beard and cut the hair of any person for hire or reward." Under § 2892 the provisions of this chapter are not to "be construed to prevent any person holding a license under the provisions of chapter 165 from cutting hair." Section 2904 (quoted above) obviously is intended to permit somewhat similar reciprocal privileges as to work of a hairdresser or cosmetician to persons licensed to perform the occupation of barber. Clearly it has no direct reference or relation to the shop registration provided for by § 2896. Its purpose and extent is to permit a licensed barber to perform such of the work specified in the statutory definitions of "hairdresser" or "cosmetician" as he can prove, by practical demonstration to the commissioners, that he is competent to do. Upon proper application, and such demonstration and payment of the required fee he is entitled to a license as an "operator," since he would then come within that classification, as defined in § 2895. This does not mean, however, that upon being found qualified for some of such work, he is entitled to a license to perform *all* work covered by the definition of hairdresser or cosmetician. Such a construction would be inconsistent with the language of

§ 2904, read as a whole, and subversive of a principal reason and purpose of the entire chapter—to safeguard the public from unskilled and incompetent operators. His right to practice is limited, and his license may be restricted, to those of the specified practices as to which he is found competent.

The appeal alleged, and the answer admits, that the original appellant, Ragali, who is referred to as the appellant throughout this opinion, made application to the commissioners for a license to perform hairdressers' and cosmeticians' work, gave a practical demonstration of her ability, and was permitted (through an operator's license) to perform such work. As to this, therefore, she was afforded no reason to complain. The point of her appeal is that she also "requested a license to conduct as manager or proprietor, a place of business for hairdressers and cosmeticians" in Bridgeport but the board "refused to grant such license unless [the] appellant submitted herself to a written examination." This allegation is admitted by the answer. She also alleged that her shop was suitable and sanitary and would be conducted in compliance with the law and the rules and regulations of the board and that under § 11 of Chapter 303 of the Public Acts of 1927 (now § 2904 of the General Statutes) she was entitled to this license. These allegations were denied. The finding states that when the case was reached for trial counsel for the respondents raised no question of the suitableness of the location of the shop or of its being sanitary, but attempted to offer evidence that the plaintiff had failed to conduct her shop in compliance with law and the rules of the board, but this was excluded, on what ground does not appear.

It follows from our construction of the meaning and scope of § 2896 that, upon satisfying the specified conditions as to location, appointments and sanitation

and conduct according to law and rules, the appellant would be entitled to the shop license contemplated by that section, without submitting to examination, written or otherwise, as to her qualifications for obtaining a personal license as hairdresser or cosmetician or any of the subordinate classifications. This shop license, if granted, would confer no personal privileges as to practicing these occupations, and the requirement of § 2897 as to supervision of the shop by a registered hairdresser or cosmetician would obtain, and would not be satisfied by the fact that the appellant was the holder of this shop license or an operator's license, or both.

The basic misapprehension of the appellant, which seems to have been shared by the trial court and reflected in the judgment rendered, appears to have been that compliance, by demonstration, with § 2904 entitles the holder of a barber's license to the full license as a hairdresser and cosmetician provided for by §§ 2899 and 2900 without satisfying the prerequisites therein prescribed. Also, the respondent board, in requiring a written examination, apparently misconstrued, similarly, the effect of the granting of a shop license to the appellant as including the personal privileges of a license under §§ 2899 and 2900. Such, as we have stated, is not the fact.

The judgment rendered was that "the appellees . . . issue to the appellant . . . the license provided for by Section 2904 of the General Statutes." It appears from the record that, in the operator's license granted her, she had already obtained all of the privileges which that section contemplates; indeed, as we have indicated, that license might have been restricted to the specific operations which the appellant, through practical demonstration, had been found competent to perform. That work under an operator's license must

be performed in a place which is under the supervision of a person licensed under § 2899, as a hairdresser or cosmetician, or both, depending on the scope of the business conducted, is a necessary consequence of the requirements in § 2897.

It appears from the admitted allegations of the appeal, therefore, that the appellant had already received "the license provided for by Section 2904 of the General Statutes," which the judgment ordered to be issued. Under her further application for a shop license she was entitled, on producing evidence satisfactory to the board as to the suitability and sanitation of the place and legality of conduct, to receive the shop registration provided for by § 2896, without being subjected to written examination or other test of her personal qualifications, under §§ 2899 and 2900. She was not entitled under that application, or without compliance with the requirements of §§ 2899 and 2900, to obtain a license as hairdresser, cosmetician, or assistant. The judgment was erroneous in the respects just indicated.

The foregoing is deemed sufficient to guide the parties, in proceedings on the remand (if any are necessary) in making proper amendments to the pleadings, in hearing thereon and determination of the issues in the light of the statute as we have construed it, without detailed discussion of the specific assignments of error on the appeal to this court, with the exception of one which will now be briefly noticed.

The appellant first brought a petition for a writ of mandamus against the respondents in which substantially the same issues were raised, hearing was had thereon, judgment was rendered dismissing the petition, and no appeal was taken. Ragali v. Board of Commissioners of Hairdressers and Cosmeticians, Superior Court, Fairfield County, No. 31956. The file

of that case discloses, however, that the ground of dismissal was that relief should have been sought by appeal under § 2903 instead of by mandamus. The judgment did not settle the controversy between the parties, but only that it could not be determined in the way which had been adopted. Therefore, the claim that the judgment in mandamus is a bar to the present proceeding is not well founded. *Miles* v. *Strong,* 68 Conn. 273, 288, 36 Atl. 55.

There is error, the judgment is set aside and the cause remanded to the Superior Court for further proceedings according to law.

In this opinion the other judges concurred.