STATE EX REL. MARVIN C. GOLD ET AL. *v.* ROLAND P. USHER

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 3—decided November 6, 1951

*Robert F. Kahan,* with whom, on the brief, was

*Robert J. Pigeon*, corporation counsel, for the appellant (defendant).

*William L. Beers* and *John N. Reynolds*, with whom, on the brief, was *J. J. Henry Muller, III*, for the appellees (plaintiffs).

BALDWIN, J. The plaintiffs are the owners of a parcel of land on Union Street in Rockville which they acquired from John B. Wells on January 30, 1950. Wells had made application to the mayor of Rockville for a certificate of approval of these premises as a location for a retail gasoline service station. The mayor, acting pursuant to statute, referred the application to the commissioner of motor vehicles. General Statutes § 2540. After due hearing and full compliance with the law, the commissioner issued a certificate of approval on August 9, 1946. The city was not zoned at that time. In December, 1947, it adopted the state building code (General Statutes, c. 198), and the defendant was duly appointed the building inspector and authorized to administer the code. On October 28, 1950, the plaintiffs made application to the defendant for a building permit to erect a retail gasoline service station on the premises. The application was in due form and included a certified copy of the certificate of approval issued on August 9, 1946. The defendant denied the application on the sole ground that an unreasonable length of time had elapsed since the issuance of the certificate of approval. So far as appeared, there had been no changes concerning the situation of the property that affected the public safety or welfare.

The trial court concluded that in the absence of any statutory limitation the certificate of approval was good for a reasonable time and that, since there was no evidence of changed conditions pertaining to the public

welfare and safety, the lapse of a little more than four years was not unreasonable under the circumstances. Judgment was rendered that a peremptory writ of mandamus issue commanding the defendant to entertain the plaintiffs' application for a permit and to issue it if he finds that the proposed construction complies with the building code of Rockville in all matters concerning materials and methods of construction. The defendant appealed, assigning error in the finding and claiming that the writ of mandamus should not issue because the building code provided for an administrative appeal which gave the plaintiffs an adequate remedy at law and, further, that it was within the legal discretion of the defendant to refuse to accept the certificate of approval issued four years previously by the commissioner of motor vehicles.

The defendant seeks to correct the finding by adding the fact that the building code provided for an administrative appeal by persons aggrieved by a decision of the building inspector. A correction of the finding in this particular could avail the defendant nothing. The code gives the building inspector authority to pass only upon plans, specifications, building materials and related matters. Conn. State Bldg. Code, § 104-4(a). It provides for an appeal from his decision. Id., § 106-6(a), -9. This remedy, however, has no application to decisions made upon subjects over which the building inspector has no control. He has no power to pass upon the validity of a certificate of approval, nor has the board of appeal. The appeal provisions of the code, therefore, failed to give to the plaintiffs an adequate, specific remedy, "adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved." *State ex rel. Foote* v. *Bartholomew*, 103 Conn. 607, 618, 132 A. 30; *State* v. *Erickson*, 104 Conn. 542, 548, 133 A. 683; *State*

*ex rel. Adams* v. *Crawford,* 99 Conn. 378, 382, 121 A. 800.

The remaining claim of the defendant is that, because of the lapse of time between the issuance of the certificate of approval and its presentation as a necessary part of the application for a building permit, he had discretion to require a new certificate. The operation of a station for the retail sale of gasoline requires a license from the commissioner of motor vehicles. General Statutes § 2536. A certificate of approval of the location is a prerequisite to obtaining this license. §§ 2538-2540. This certificate pertains to the suitability of the location from which the gasoline is to be sold and not to the person or persons who propose to sell it. *Ragali* v. *Holmes,* 113 Conn. 561, 564, 155 A. 845. While some laws or regulations limit the life of a permit or license or make its continuance dependent upon the performance of some part of the work allowed within a given period (see General Statutes § 2536; *Giordano* v. *Dumont,* 137 N. J. L. 740, 61 A. 2d 245), the statutes under which this certificate of approval was issued are silent as to any term or condition affecting the life of the certificate. Mandamus will not issue to control the exercise of a discretion which is vested in a public officer or board. *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 277, 199 A. 436. The question before the defendant, however, was not one that involved the exercise of his discretion. The plaintiffs had complied with all the statutory requirements with reference to the issuance of a certificate of approval by the commissioner of motor vehicles. Whether that certificate was valid or had lapsed was not a question for the defendant to decide. His denial of the application for a building permit on the sole ground that an unreasonable length of time had elapsed since the issuance of the certificate of approval was in effect an

attempt to usurp the power and authority entrusted by law to another public official. *State ex rel. Lacerenza* v. *Osborn*, 133 Conn. 530, 535, 52 A. 2d 747; see *Underwood* v. *County Commissioners*, 67 Conn. 411, 415, 35 A. 274.

The trial court was therefore correct in entering judgment that the defendant consider the plaintiffs' application and issue the permit if he finds that the construction proposed complies with the city's building code as to materials and methods of construction.

There is no error.

In this opinion the other judges concurred.