FRANK SHARKIEWICZ *v.* R. GRAEME SMITH

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued May 10—decided May 31, 1955

*Frank Sharkiewicz,* pro se, the appellant (plaintiff).

*Henry P. Bakewell,* for the appellee (defendant).

DALY, J. The plaintiff alleged in his complaint that he had submitted to the defendant two writs to be signed by him as a commissioner of the Superior Court and that he refused to sign them. The plaintiff sought an order in the nature of mandamus requiring the defendant, as a commissioner of the Superior Court, to sign the writs. The defendant demurred to the prayer for relief on the ground that "the issuance of a writ and summons is a discretionary act and there is no allegation in the complaint that the defendant at any time agreed to represent the plaintiff or to bring suit on his behalf." The court sustained the demurrer, and the plaintiff has appealed.

Section 7648 of the General Statutes provides that each attorney at law admitted to practice within the state shall, while in good standing, be a commissioner of the Superior Court and in that capacity may, within the state, sign writs. Section 7811 provides that a writ of summons, if returnable before a justice of the peace, shall be signed by a commissioner of the Superior Court, and if returnable before any other court, by a commissioner of the Su-

perior Court or a judge or clerk of the court to which it is returnable.

The plaintiff claims that the defendant, as a commissioner of the Superior Court, was required to sign the writs. He contends that doing so amounts to nothing more than the performance of ministerial acts. As authority for his claim, he relies upon statements in *Yudkin* v. *Gates,* 60 Conn. 426, 429, 22 A. 776, to the effect that the signing of mesne process is a purely ministerial act and that commissioners of the Superior Court are in no sense judicial officers. In that case mittimuses signed by a justice of the peace were declared illegal and void. The statements relied upon were made in the course of a discussion by the court of the subject before it and with no intent to lay down in positive form a rule of law. They related to a matter purely incidental to the subject under discussion and did not concern any situation before the court. As the discussion went beyond the facts involved in the issues, it is dictum and does not have the force of a precedent. *Farnam* v. *Farnam,* 83 Conn. 369, 384, 77 A. 70; Maltbie, Conn. App. Proc., §§ 172, 173.

A defendant may presume that a writ will not be signed for a groundless cause or be issued to gratify the inclination of a litigious plaintiff. The subject of signing and issuing process in civil actions is one of consequence. Such signing is one of the processes of law by which a man may be deprived of his liberty and property. It is carefully guarded. It is not to be done indiscriminately. *Doolittle* v. *Clark,* 47 Conn. 316, 322. The signing of a writ by a person as a commissioner of the Superior Court is not a mere ministerial act. *Doolittle* v. *Clark,* supra, 320. The canons of professional ethics require that a lawyer decline to institute an action if

he is convinced that it is intended to harass or injure the opposite party or work an oppression or wrong. Practice Book, p. 10, § 30. Obviously, in making this determination, a lawyer must exercise a reasonable and honest discretion. Mandamus will not lie to control the exercise of a discretion vested in a public officer. *State ex rel. Gold* v. *Usher,* 138 Conn. 323, 326, 84 A.2d 276. The claim of the plaintiff that he has been deprived of constitutional rights is without merit and calls for no extended discussion. The court did not err in sustaining the demurrer.

There is no error.

In this opinion the other judges concurred.