## In re Application of Frank Sharkiewicz

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued October 5—decided October 30, 1956

*Frank Sharkiewicz,* pro se, the appellant.

O'Sullivan, J. On August 15, 1955, the petitioner, Sharkiewicz, presented to Honorable Walter M. Pickett, as a judge of the Superior Court, the following application:

"APPLICATION TO A JUDGE OF THE SUPERIOR COURT.

"The plaintiff complains and says:

"1. The plaintiff submitted two writs to Commissioner of the Superior Court R. Graeme Smith for signature.

"2. The Commissioner, without giving any reasons, refuses to sign the writs.

"3. The Commissioner acted arbitrarily and abused his discretionary powers.

"4. The plaintiff was denied all elements of due process of the law and the equal protection of the law under Article XIV of the United States Constitution.

"The plaintiff prays that process may be issued against the defendant, in the manner prescribed by statute, and in the event he fails to show justifiable cause for his refusal to sign the writs, he be ordered to sign, and perform any other duties of a Commissioner of the Superior Court to make these writs effective."

The application was denied by Judge Pickett without memorandum on August 18. Sharkiewicz then filed what purports to be an appeal "from the decision rendered therein." Subsequently, he filed an assignment of error reading: "The Judge erred: 1. In denying an application requesting that a judge of the Superior Court summon a commissioner of the Superior Court into court to show cause why the commissioner refuses to sign two writs submitted by the plaintiff." The entire record consists of the application, the appeal and the assignment of error.

The petitioner is a layman who, without counsel, urged the granting of the application to Judge Pickett and who apparently prepared the appeal and actually argued his claim to this court. In examining his grievance, as it can be ascertained from the record, we have tried to follow the usual policy pursued by us when a layman acts pro se and, as far as possible, have attempted to protect him from the pitfalls of the improper or inadequate procedural steps he has taken. See *Osterlund* v. *State,* 129 Conn. 591, 594, 30 A.2d 393; *Higgins* v. *Hartford County Bar Assn.,* 111 Conn. 47, 52, 149 A. 415. It is obvious, however, that there is no merit to his claim and that no injustice has been done him under the law.

From such information as the record discloses, it is evident that Sharkiewicz harbors a grievance against one or more persons other than Attorney

R. Graeme Smith, mentioned in the application; but who those persons are does not appear, nor is there any clue as to whether the grievance is judicable in a court of law or equity. The application was not for the issuance of a writ against those unnamed persons but rather against Smith to compel him to issue the writs against those persons. This was an attempt by Sharkiewicz to renew what we had previously said he had no right to do. Shortly before he submitted his application to Judge Pickett, we had disposed of the claim he now seeks to present. *Sharkiewicz* v. *Smith,* 142 Conn. 410, 114 A.2d 691. In that case we held that the signing of a writ by a lawyer acting as a commissioner of the Superior Court is not a mere ministerial act; that the canons of professional ethics require a lawyer to decline to institute an action if he is convinced that it is intended to harass or injure another or work an oppression or wrong; that a writ should not be signed for a groundless cause or merely to gratify the inclination of a litigious person; and that a lawyer, in determining whether to sign a writ, is exercising a discretion which cannot be controlled by judicial mandate. Accordingly, the present application was properly denied.

There is no error.

In this opinion the other judges concurred.