This is a motion to erase forfeiture and to reinstate the bond, brought by the petitioner, Sylvio Grasso, who has filed an appearance pro se. Mr. Grasso is not a lawyer, and it is necessary to protect him as far as possible from the pitfalls of the improper or inadequate procedural steps he has taken. In re Application of Sharkiewicz, 143 Conn. 724,725.
Robert Johnson was arrested and arraigned in the Circuit Court, fourteenth circuit, at Hartford, charged with violation of § 53-63 of the General Statutes. On February 13, 1962, he pleaded "not guilty" and elected trial by jury. The case was transferred to the jury docket and assigned for trial on February 20, 1962. An appearance bond in the amount of $1000 was set. Bond was posted with the petitioner as surety thereon. General Statutes § 54-53a.
The case was assigned for trial on March 1, 1962, and was ready at that date, and trial was commenced March 27, 1962, at about 2 p.m. At the end of the day, the case was still in progress, and court adjourned until 10 a.m. March 28, 1962. See Cir. Ct. Rule 3.11.3. Court opened at 10 a.m. on March 28, 1962, and Johnson was not present. A recess was called. At 11:15 a.m. Johnson was not present, nor was he in the courthouse. The trial judge(Yesukiewicz, J.) ordered that the bond be forfeited. This was done and a mistrial was declared.
The petitioner alleges that Johnson is employed at night at the Underwood Typewriter Corporation; that he had worked all night March 26, 1962, and all night March 27, 1962; and that he was *Page 320 
physically exhausted and overslept. Understandably, Johnson was tired.
In all criminal cases where a party accused of crime is liberated on bail, the principal and sureties bind themselves that the principal shall appear before the court at the time and place appointed and answer to the crime charged against him. The form of the recognizance is without reservation or condition, but the law excuses the sureties if they are prevented by the act of God, or by the act of the law, or by the act of the obligee. Taintor v. Taylor,36 Conn. 242, 252.
The obligee in a bond of recognizance is the state of Connecticut. There is no claim that any act of the obligee is involved. Nor has any act of the law interfered with the performance of the bond. Under the term "act of God" are comprehended all misfortunes and accidents arising from the inevitable necessity which human prudence could not foresee or prevent. Williams v. Grant, 1 Conn. 487, 491. According to the petitioner, Johnson's exhaustion came about because he went without sleep for an extended period, spending his nights at his employment and his days in court. This was a condition brought about by Johnson's own volition.
The petitioner claims, "Said accused made all and each appearance when required." That he did so is evident from the fact that he remained in the custody of his bail from the date of his arraignment until March 28, 1962. It is no answer to say that he was there on one or more occasions when he was required to be so. He should have been there on all occasions, when lawfully called upon, until his case was disposed of or he was discharged from custody.White v. Keilty, 128 Conn. 313, 316. The obligation is directly upon the accused to be present when he is needed, as many times as he may be needed. An *Page 321 
obligation rests upon the surety to see to it that the accused complies with the order of the court. This obligation does not pass to judge, to prosecutor or clerk, or to any other official of the court.State v. Perrella, 144 Conn. 228, 233. While, from time to time, members of the court staff may remind a surety that his principal is expected to be in court on a particular day, this gratuitous courtesy should not be mistaken to indicate that a duty to do so exists.
Sleepiness, like sickness, constitutes no reason for the relaxation of the law. Allen v. Rand, 5 Conn. 321,325. The judge, the court staff, the witnesses and twelve jurors were forced to stand and wait until a work-weary accused had his rest and came to court at his leisure. Society, as well as this defendant, is entitled to equal protection of the law and to due process of law. State v. Zukauskas,132 Conn. 450, 460.
The reasons given in the petition are not within the criteria laid down in Taintor v. Taylor, supra.
 For the reasons above stated, the motion of the petitioner must be and is denied.