414 P.2d 752

**NATIONWIDE HEALTH CLUBS, INC., Appellant,**

**v.**

**STATE BOARD OF BARBER EXAMINERS for the State of Arizona, Ken Lewis, Member and Chairman, Melvin Webster, Member and Vice President, and Oscar Henry, Member and Secretary, Appellees.**

**1 CA–CIV 303.**

Court of Appeals of Arizona.

May 26, 1966.

Rehearing Denied June 17, 1966.

Review Denied July 12, 1966.

Johnson & Shaw, by Felix F. Gordon, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., by Robert S. Murlless, Sp. Asst. Atty. Gen., for appellees.

STEVENS, Chief Judge.

The appellant filed a declaratory judgment action against the appellees seeking a judicial determination that a corporation is eligible to hold an establishment license for a barber shop within which licensed barbers would be permitted to practice their skill. The trial court granted the appellees' motion for summary judgment and the formal written judgment recites in part that:

"ARIZONA STATE BOARD OF BARBER EXAMINERS is not authorized to issue a barber establishment license to a corporation."

This appeal followed.

The appellant operates an establishment which renders services seeking to enhance the physical well being of its customers and as an incident to that service, desires to make available to its customers the services of a duly licensed qualified barber. In connection therewith the appellant desires to be the holder of the establishment license and stands ready to comply with all sanitary and other regulations incident to the proper maintenance of a barber shop.

The Laws of Arizona relating to barbering prescribe three distinct licenses, one for the licensing of barbers, a second for barber shops and a third for barber schools. The statutory sections are § 32–301 to 32–357 A.R.S. The laws relative to the occupation of barbering were last amended in the year 1962, prior to the time of the

filing of the action now under consideration.

In this opinion we are not concerned with the statutory matters relating to apprentices and persons enrolled as students in barber schools. It is readily apparent that only natural persons can qualify for a barber's license or certificate. Section 32–301 as amended, is the definitions section and therefrom we quote the following:

"2. 'Barber shop' means any place, shop or establishment wherein the practice of barbering is engaged in or carried on.

\* \* \* \* \* \*

"4. 'Board' means the board of barber examiners.

"5. 'Certificate' means a certificate of registration entitling the person to whom issued to practice, or a school or shop to be operated.

\* \* \* \* \* \*

"10. 'Registered' means registered by the board, under the provisions of this chapter.

"11. 'Registrant' means a person registered by the board."

Section 32–307 vests in the board certain rule making powers, subsection A being as follows:

"The board may make reasonable rules and regulations for the administration of this chapter and prescribe sanitary requirements in addition to those specified in this chapter in aid or in furtherance of the provisions of this chapter."

While we are not faced with the problem of determining qualifications for the issuance of a license to a barber school, nevertheless, the provisions in the act in that respect are of interest in relation to whether any license under this section of the Code may be held by a corporation. Section 32–328 as amended, relates to the licensing of barber schools and Subsection A thereof states in part:

"No barber school shall be licensed and approved by the board to operate as such unless it is operated under general supervision of a licensed instructor \* \* \*."

Section 32–329 relates to the licensing of barber shops. This Section is as follows:

"No barber shop shall be licensed and approved by the board unless:

1. It is located in separate quarters, or if located in less than the whole of a single building, the quarters occupied are separated from the remainder of the building by solid walls reaching from floor to ceiling, but a barber shop and a beauty shop may be located in the same room or quarters.

2. It has running hot and cold water therein and has proper provision for sewage and waste water disposal approved by local health authorities.

3. It conforms to and complies with the rules and regulations promulgated by the board. As amended Laws 1962, Ch. 115, § 7."

It will be noted that the section is silent in relation to the qualifications of the licensee and is devoted entirely to the quality of the location.

A portion of Section 32–351 reads as follows:

"Barbering without certificate prohibited

A. It is unlawful, without a certificate of registration issued as provided by this chapter, to:

\* \* \* \* \* \*

3. Own, manage, operate or control a barber shop or a barber school.

B. A barber school shall at all times be operated under the personal supervision and management of a registered barber. As amended Laws 1962, Ch. 115, § 10."

In this section we find an absence of language which requires the construction which has been urged by the appellees, namely, that only a natural person is eligible to be a registrant or licensee of a barber shop. Section 32–352 is as follows:

"Display of certificate

Every holder of a certificate of registration shall display the certificate in a

**366**

conspicuous place adjacent to or near his work chair."

It appears obvious to us that this section relates to each individual barber, there being but one establishment license and it could not be adjacent to each chair in a multi-chair establishment. Licenses are renewable annually and violation of proper sanitary regulations can be the basis for the refusal to renew or for a suspension or revocation of a license.

Section 32–354 sets forth the procedure for suspension, revocation or refusal to renew and Subsection A thereof states that such action shall not be taken:

"* * * until the accused has been presented with a statement of the specific charges against him * * *"

and, Subsection B thereof provides:

"The accused may be present at the hearing in person or by counsel."

Under the general law of Arizona, it is declared:

" 'Person' includes a corporation, company, partnership, firm, association or society, as well as a natural person. * * When the word 'person' is used to designate the violator or offender of any law, it includes corporation, partnership or any association of persons." Subsection 21 of Section 1–215, as amended.

Section 32–356 lists a number of acts the commission of which constitutes a misdemeanor and the section provides for a fine or imprisonment or both. Included within that section are the following Subsections:

"9. Owning, managing, operating or controlling a barber shop or barber school in which hot and cold running water is not continuously provided.

\*　　\*　　\*　　\*　　\*　　\*

"11. Owning, managing, operating or controlling a barber shop unless there is displayed thereon a sign clearly visible at the main entrance thereto indicating that it is a barber shop."

We find nothing in the act which requires the interpretation that only natural persons may be granted establishment licenses. We know of no public policy which would preclude a corporate holding of a barber shop license. We can visualize certain advantages in the corporate ownership of the establishment provided of course that all services rendered are by duly qualified and licensed natural persons.

The case which has been called to our attention which is most nearly in point is the 1931 Connecticut case of Ragali v. Holmes, 113 Conn. 561, 155 A. 845.

■ We are unable to agree with the trial court in the above quoted portion of the trial court's judgment and we hold that a corporation is eligible to be issued a barber shop license, provided of course that only licensed natural persons may perform the services of a barber.

This cause is reversed for appropriate proceedings consistent with this opinion.

CAMERON and DONOFRIO, JJ., concur.