JOHN GLADYSZ ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF PLAINVILLE ET AL.
(AC 18601)

Schaller, Spear and Stoughton, Js.

Argued January 11—officially released May 23, 2000

*Lawrence J. Golden*, for the appellants (plaintiff Carol Salyards et al.).

*Hugh I. Manke*, with whom, on the brief, was *Christopher L. Brigham*, for the appellee (defendant Plainville NWD Limited Partnership).

*Kenneth R. Slater, Jr.*, for the appellee (named defendant).

*Opinion*

STOUGHTON, J. This is an appeal by the statutorily aggrieved plaintiffs[1] from a judgment dismissing an appeal from a decision of the named defendant, the planning and zoning commission of the town of Plainville (commission), which approved a site plan application made by the defendant Plainville NWD Limited Partnership (partnership) for the construction of a 102,000 square foot retail development. We granted certification to appeal on June 17, 1998.

The dispositive issue in this appeal is whether the applicant for site plan approval was barred by principles of collateral estoppel from litigating the issue of whether it had an interest in the subject property and, thus, standing to apply for land use approval. We conclude that it was barred and reverse the judgment of the trial court.

The following facts are pertinent to this appeal. The property that was the subject of the application was owned by the Tyler Farms Group. The owners entered into an option agreement and purchase and sale agreement (option) for the subject property with Plainville NWD Real Estate Trust (trust). The site plan application was made by the partnership, which paid all of the option costs and application expenses. The trust and the partnership had an oral agreement that the trust would assign the option to the partnership upon the issuance of the permits necessary for the development. The partnership is made up of the beneficiaries of the trust, with Charter House Development Corporation as general partner.

In November, 1994, the partnership applied for site plan approval for construction of a retail development

---

[1] The plaintiffs at trial were John Gladysz, Carol Salyards and Lawrence Salyards. Only the Salyards were found to be aggrieved and have brought this appeal. We therefore refer to the Salyards as the plaintiffs in this opinion.

of more than 135,000 square feet. This application was denied by the commission and by the inland wetlands and watercourses commission. The partnership appealed from those denials, and the trial court, *Handy, J.*, dismissed both appeals. The partnership's aggrievement was not contested in those appeals, and the court found, in part on the basis of testimony that the owners had entered into an agreement with the partnership for an option to purchase the property, that the partnership was aggrieved.

On April 13, 1995, the partnership filed an application for site plan approval for a 102,000 square foot development.[2] The commission approved that application with conditions on November 30, 1995. The partnership appealed, contesting the permit conditions,[3] and the plaintiffs appealed from the decision to approve the site plan application.

The commission moved to dismiss the partnership's appeal, claiming that the partnership had no legally cognizable interest in the subject real estate and, thus, was not aggrieved, and that the court therefore lacked subject matter jurisdiction. The trial court, *Handy, J.*, after a hearing, granted the motion in a memorandum of decision dated January 21, 1997, stating that there was no evidence before the court that the partnership possessed an interest in the property and therefore it was not aggrieved, that the option existed between the trust and the owners, and that the trust and the partner-

---

[2] Although it made the site plan application and paid all of the costs and expenses necessary thereto, the partnership has never owned the subject property. The facts, which are not in dispute, are that the trust had an option to purchase the property and had agreed to assign that option to the partnership upon the issuance of the permits necessary for the proposed development.

[3] The inland wetlands and watercourses commission also had approved the application with conditions. The partnership appealed from those conditions but withdrew that appeal.

ship were separate legal entities. The partnership did not appeal.

In their appeal from the decision approving the site plan application, the plaintiffs claimed, inter alia, that the partnership lacked standing to apply for site plan approval. Under Connecticut law, a party applying to a planning and zoning commission must have a sufficient interest in the subject property to have standing to apply; *Richards* v. *Planning & Zoning Commission*, 170 Conn. 318, 321–22, 365 A.2d 1130 (1976); and, here, the plaintiffs claimed that the partnership lacked such an interest. The trial court, *McWeeny, J.*, dismissed the appeal, deciding that the partnership was a real party in interest and had standing to apply. The court found that the partnership had an equitable interest in the property by virtue of its agreement with the trust, and the payment of the option costs and expenses incurred in pursuing the application. The court recognized that in a related case involving the partnership's appeal from the decision of the commission imposing conditions on site plan approval, the commission had successfully contested the aggrievement of the partnership and that the appeal was dismissed because the partnership had no interest in the property and, thus, was not aggrieved. The court noted, however, that standing and aggrievement may constitute separate issues and that it was not "persuaded by such decision."

The plaintiffs filed a motion to reargue, claiming that Judge Handy's decision that the partnership lacked an interest in the property precluded the partnership from litigating that issue in the plaintiffs' appeal under the doctrine of collateral estoppel. The motion to reargue was denied on the ground that standing was not an issue in the previous case involving the partnership's appeal of the conditions of site plan approval, and the reference in Judge Handy's memorandum of decision to the partnership's lack of interest in the property was

dicta. The plaintiffs appeal from the decisions of the trial court dismissing their appeal and denying their motion to reargue.[4]

" 'It is well established that an appellate court will not retry the facts. Our review is to determine whether the judgment of the trial court was clearly erroneous or contrary to the law.' *Northeast Parking, Inc.* v. *Planning & Zoning Commission*, 47 Conn. App. 284, 290–91, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998)." *Gangemi* v. *Zoning Board of Appeals*, 54 Conn. App. 559, 563, 736 A.2d 167, cert. granted on other grounds, 251 Conn. 911, 739 A.2d 1248 (1999). In the present case, the court determined that the doctrine of collateral estoppel did not apply to preclude litigation of an issue. We therefore are called upon to review a legal conclusion of the Superior Court. See *Ancona* v. *Manafort Bros., Inc.*, 56 Conn. App. 701, 707, 746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). "When . . . the trial court draws conclusions of law, [the scope of our appellate] review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Gangemi* v. *Zoning Board of Appeals*, supra, 563–64.

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991). The issue must have been fully and fairly litigated in the first action, and it must have been actually decided and necessary to the judgment. Id. "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for

[1] Because we reverse the judgment dismissing the plaintiffs' appeal, we do not address the plaintiffs' claims as to the denial of their motion to reargue.

determination, and in fact determined. . . . 1 Restatement (Second), Judgments § 27, comment (d) (1982). An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. F. James & G. Hazard, Civil Procedure (3d Ed. 1985) § 11.19. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. . . . *Dowling* v. *Finley Associates, Inc.*, [248 Conn. 364, 374, 727 A.2d 1245 (1999)]. . . . *Pitchell* v. *Williams*, 55 Conn. App. 571, 577–78, 739 A.2d 726 (1999) [cert. denied, 252 Conn. 925, 746 A.2d 789 (2000)]." (Internal quotation marks omitted.) *Ancona* v. *Manafort Bros., Inc.*, supra, 56 Conn. App. 706. "Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997).

The plaintiffs claim that the court improperly failed to apply the doctrine of collateral estoppel to preclude the partnership from litigating the issue of whether it had an interest in the subject property sufficient to give it standing to apply for site plan approval because that issue had been litigated and decided in a related action. In this case, two separate appeals were taken from the commission's November 30, 1995 decision approving the partnership's site plan application with conditions. Judge Handy dismissed the partnership's appeal because she found that the partnership did not possess an interest in the subject property and therefore was not aggrieved. In the plaintiffs' appeal, the sole issue is whether the partnership had standing to apply for site plan approval, which involves a determination of

whether the partnership possesses a sufficient interest in the property. Thus, according to the plaintiffs, because the issue of whether the partnership had an interest in the property already was decided in the related case, the partnership was precluded from litigating it here. The plaintiffs claim that all of the elements of collateral estoppel are present here, namely, the issue was actually litigated and determined in a valid final judgment, the issues in both cases are the same and even though the plaintiffs were not parties to the other action, they may properly invoke the doctrine of collateral estoppel.[5]

The partnership counters that collateral estoppel is not applicable to the present case. The partnership claims that the issue sought to be litigated in the present case is not the same as the one previously decided, that is, the question of whether the partnership has standing to apply is different from the question of whether it is properly aggrieved. The partnership claims further that because the issue of standing to apply was not actually litigated or necessarily determined in the other appeal, the court properly refused to bar litigation of that issue. The partnership also claims that collateral estoppel does not apply because there is no mutuality of parties, as the plaintiffs were not parties to the other appeal, and that Judge Handy's finding of "no interest" was nonbinding dicta.[6] We are not persuaded.

---

[5] The plaintiffs also claim that even if principles of collateral estoppel do not apply, the applicant did not have a substantial interest in the property and lacked standing. Because we determine that collateral estoppel principles apply, we do not decide this issue.

[6] The partnership also claims that the requirement of privity is not satisfied. The partnership, however, confuses the privity requirement. "Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party. . . . While it is commonly recognized that privity is difficult to define, the concept exists to ensure that *the interests of the party against whom collateral estoppel is being asserted* have been adequately represented because of his purported privity with a party at the initial proceeding." (Citations omitted; emphasis added; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, supra, 220 Conn.

Although the plaintiffs were not parties to the partnership's appeal from the conditions imposed on the site plan approval in which Judge Handy determined that the partnership was not aggrieved, the mutuality of parties rule has been abandoned in Connecticut. *Aetna Casualty & Surety Co.* v. *Jones,* supra, 220 Conn. 302. To allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary. Id. Although circumstances may exist in which the lack of mutuality would render application of collateral estoppel unfair; id., 303; we are able to discern no such circumstances here. See *Labbe* v. *Hartford Pension Commission,* 239 Conn. 168, 187, 682 A.2d 490 (1996).

One who claims to be aggrieved in a zoning matter must demonstrate that he has a specific, personal and legal interest in the subject matter of the decision. *Munhall* v. *Inland Wetlands Commission,* 221 Conn. 46, 51, 602 A.2d 566 (1992). To have standing to apply for a permit, a nonowner must have substantial interests in the subject property. *Richards* v. *Planning & Zoning Commission,* supra, 170 Conn. 321–22; see also *Michel* v. *Planning & Zoning Commission,* 28 Conn. App. 314, 324–25, 612 A.2d 778, cert. denied, 223 Conn. 923, 614 A.2d 824 (1992). "The question of aggrievement is essentially one of standing. *Beckish* v. *Manafort,* 175 Conn. 415, 419, 399 A.2d 1274 (1978)." *DiBonaventura* v. *Zoning Board of Appeals,* 24 Conn. App. 369, 373, 588 A.2d 244, cert. denied, 219 Conn. 903, 593 A.2d 129 (1991).

The issue before the court in the present case was whether the partnership had a substantial interest in the subject property so as to have standing to apply for site plan approval. In an earlier case, a different trial

303–304. Here, collateral estoppel is being invoked against a party to the prior proceeding and, therefore, the privity requirement is not an issue.

court decided that the partnership had no interest in the subject property. While the earlier case involved aggrievement and the present case involves standing, the underlying question common to both cases is whether the partnership has an interest in the subject property. Thus, in the context of this zoning case involving a site plan application by a nonowner, the issue to be decided is essentially the same one decided by the earlier trial court. The determination by Judge Handy that there was no evidence that the partnership possessed an interest in the property necessarily precludes any claim that the partnership possessed a substantial interest in that property.

"Dictum includes those discussions that are 'merely passing commentary'; [*Dacey* v. *Connecticut Bar Assn.*, 184 Conn. 21, 24, 441 A.2d 49 (1981)]; those that go 'beyond the facts' at issue; *Sharkiewicz* v. *Smith*, 142 Conn. 410, 412, 114 A.2d 691 (1955); and those that are unnecessary to the holding in the case. *Diamond National Corp.* v. *Dwelle*, 164 Conn. 540, 544, 325 A.2d 259 (1973)." *Middletown Commercial Associates Ltd. Partnership* v. *Middletown*, 53 Conn. App. 432, 435, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999). The determination that the partnership possessed no interest in the property was necessary to the determination that it was not aggrieved and therefore was not mere obiter dictum, as asserted by the partnership. See *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 109, 674 A.2d 1335 (1996).

The evidence regarding the partnership's interest in the property was the same as regards aggrievement and standing. When the issue of the partnership's aggrievement was contested in its appeal from the conditions imposed on approval of the site plan, Judge Handy conducted a hearing and reached a decision on that issue. When, subsequently, the standing of the

partnership to apply for the site plan was raised in the appeal by these plaintiffs from the decision approving the application, no new evidence was presented to Judge McWeeny, and the partnership relied on the evidence that had been produced in the earlier hearing. That is to say, the same evidence was offered to establish standing as had previously been offered on the question of aggrievement.

The finding by Judge Handy that the partnership possessed no interest in the property was essential to the decision that it lacked aggrievement. While a different judge in a subsequent proceeding was not persuaded by Judge Handy's decision and was instead persuaded that the partnership's standing and aggrievement constituted separate issues; see *D. S. Associates* v. *Planning & Zoning Commission,* 27 Conn. App. 508, 511, 607 A.2d 455 (1992); the question is not whether he was persuaded but rather, whether he was bound by principles of collateral estoppel to follow that decision.[7] We have determined that those principles apply in this case.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the appeal by the plaintiffs Carol Salyards and Lawrence Salyards.

In this opinion the other judges concurred.

---

[7] This case does not involve a situation where one judge was not bound to follow an interlocutory order or ruling of another judge made at an earlier stage of the proceedings. See *Westbrook* v. *Savin Rock Condominiums Assn., Inc.,* 50 Conn. App. 236, 239–40, 717 A.2d 789 (1998). The decision of Judge Handy dismissing the plaintiffs' appeal was final and not merely interlocutory and, therefore, it cannot be disregarded under the doctrine of the law of the case. See *CFM of Connecticut, Inc.* v. *Chowdhury,* 239 Conn. 375, 403–404, 685 A.2d 1108 (1996), overruled in part on other grounds, *State* v. *Salmon,* 250 Conn. 147, 154–55, 735 A.2d 333 (1999).