GEORGE A. THOMPSON, TRUSTEE *v.* DAVID
ORCUTT ET AL.
(AC 19769)

Schaller, Pellegrino and Dupont, Js.

---

Argued March 28—officially released August 8, 2000

*Clifton E. Thompson,* for the appellant (plaintiff).

*Bruce S. Beck,* for the appellees (named defendant et al.).

*Opinion*

PELLEGRINO, J. The plaintiff, George A. Thompson, trustee, appeals from the judgment rendered in favor of the defendants David Orcutt and Sandra Orcutt[1] in this action to foreclose a mortgage securing a debt. He claims that the trial court improperly determined, on the basis of the doctrine of unclean hands, that he was not entitled to equitable relief. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff commenced this action against the defendants to foreclose on a mortgage that secured a note, the original balance of which was $25,000. The note was signed by the defendant David Orcutt as president of Alpha Equipment Sales & Rentals, Inc., and by the defendants individually and severally.[2] The note was secured by a mortgage

---

[1] The plaintiff brought this action against a number of other lienholders on the property being foreclosed. We refer in this opinion to the defendants David Orcutt and Sandra Orcutt as the defendants.

[2] Alpha Equipment Sales & Rentals, Inc., was not made a party to this action.

(Thompson mortgage) on property owned by the defendants known as 95 Greenwood Drive in Manchester, which mortgage was the subject of the foreclosure action. Although the plaintiff claimed that he was the trustee of that mortgage for himself and Jack L. Rosenblit, a business associate, no written trust agreement existed.

The mortgaged premises were subject to three encumbrances superior to the Thompson mortgage: A first mortgage to the New Haven Savings Bank in the amount of $60,000, a second mortgage in favor of the Connecticut Bank and Trust Company in the amount of $35,000 and a lien in favor of Northeast Financial Services (Northeast). The principals of Northeast were the plaintiff and Rosenblit, and the debt securing the mortgage to Northeast was paid prior to the creation of the Thompson mortgage, although it had not been released.

In January, 1992, the plaintiff filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the District of Connecticut, listing as an asset a one-half interest in the Thompson mortgage. The bankruptcy court appointed John J. O'Neil, Jr., as trustee in bankruptcy of the plaintiff's estate. While the bankruptcy matter was pending, O'Neil determined, by comparing the value of the premises with the amounts of the prior encumbrances, that the Thompson mortgage was worthless. On the basis of his determination that the debt was uncollectible, O'Neil[3] abandoned it as an asset of the plaintiff's estate.[4]

---

[3] The trial court granted the defendants' motion to join O'Neil as a party plaintiff in the present case. Although the trial court found in its memorandum of decision that O'Neil did not file an appearance, the record reveals that O'Neil filed an appearance on February 23, 1998. He was defaulted, however, for failure to appear at trial.

[4] The plaintiff, by his failure to respond to the defendants' requests to admit, is deemed to have admitted that O'Neil abandoned the debt because the prior unreleased encumbrances exceeded the value of the mortgaged property. See Practice Book § 13-23.

In their answer to the foreclosure complaint, the defendants admitted the existence of the debt, and the execution of the loan agreement and mortgage deed, but filed a special defense asserting that the plaintiff was "guilty of unclean hands" insofar as he had induced the bankruptcy trustee to abandon the debt. The court applied the doctrine of unclean hands in denying the relief sought by the plaintiff and in rendering judgment in favor of the defendants. The court also ordered the plaintiff to provide a release of the Northeast lien.

The issue before this court is whether the trial court properly applied the doctrine of unclean hands.[5] We conclude that it did not.

Whether the clean hands doctrine can be applied in this case is an issue of law, and, therefore, our review is plenary. See *Gladysz* v. *Planning & Zoning Commission,* 57 Conn. App. 797, 801, 750 A.2d 507 (2000). "When . . . the trial court draws conclusions of law, [the scope of our appellate] review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) Id.

---

[5] The plaintiff also asserts on appeal that the trial court improperly (1) found that there was no trust agreement between the plaintiff and Rosenblit, (2) ordered the plaintiff to release the Thompson mortgage note, (3) ordered the plaintiff to provide the defendants with a valid release of a lien in favor of Northeast, (4) found Rosenblit guilty of unclean hands, (5) overlooked the appearance of O'Neil and (6) ordered the plaintiff to release the Thompson mortgage to the defendants. In light of our resolution of the plaintiff's claim concerning unclean hands, we need not address his other claims.

We also do not consider the doctrine of judicial estoppel, or whether that doctrine should be recognized in Connecticut. Although it could have potentially been raised as an alternate ground for affirming the judgment of the trial court, it was not briefed or discussed by the parties. Accordingly, because the parties did not have the opportunity to address it, we decline to consider it. See *Lynch* v. *Granby Holdings, Inc.,* 230 Conn. 95, 99, 644 A.2d 325 (1994) (parties improperly deprived of opportunity to brief issue where court addressed issue sua sponte); see also *Sheff* v. *O'Neill,* 238 Conn. 1, 87, 678 A.2d 1267 (1996) (*Borden, J.,* dissenting).

Our jurisprudence has recognized that those seeking equitable redress in our courts must come with "clean hands." "The doctrine of unclean hands[6] expresses the principle that where a plaintiff seeks equitable relief, he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue." *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 525, 686 A.2d 481 (1996). "[F]or a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with clean hands. . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . It is applied . . . for the advancement of right and justice." (Internal quotation marks omitted.) *McCarthy* v. *McCarthy*, 55 Conn. App. 326, 335, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923, 752 A.2d 1081 (2000). "One who seeks to prove that he is entitled to the benefit of equity must first come before the court with clean hands. . . . The party seeking to invoke the clean hands doctrine to bar equitable relief must show that his opponent engaged in wilful misconduct with regard to the matter in litigation. . . . The trial court enjoys broad discretion in determining whether the promotion of public policy and the preservation of the courts' integrity dictate that the clean hands doctrine be invoked." (Citations omitted; internal quotation marks omitted.) *Polverari* v. *Peatt*, 29 Conn. App. 191, 202, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992).

This doctrine has been asserted successfully in foreclosure actions where the wrong related to the subject matter of the litigation. *Boretz* v. *Segar*, 124 Conn. 320, 323–24, 199 A.2d 548 (1938); see also *DeCecco* v. *Beach*, 174 Conn. 29, 35, 381 A.2d 543 (1977). The plaintiff argues, and we agree, that the wrong committed was

---

[6] This doctrine is also known as the doctrine of clean hands, and we use these terms interchangeably in this opinion.

with respect to the bankruptcy proceeding and not the mortgage transaction, and, therefore, the doctrine of clean hands should not bar recovery here.[7] This view is consistent with the decision of our Supreme Court in *Orsi* v. *Orsi*, 125 Conn. 66, 69–70, 3 A.2d 306 (1938). In that case, the court stated: "The maxim [that he who comes into equity must do so with clean hands] only applies to the particular transaction under consideration, for the court will not go outside the case for the purpose of examining the conduct of the complainant in other matters or question his general character for fair dealing. The wrong must be done to the defendant himself and must be in regard to the matter in litigation." (Internal quotation marks omitted.) Id., quoting *Lyman* v. *Lyman*, 90 Conn. 399, 406, 97 A. 312 (1916).

The defendants admit that they signed the loan agreement, and they do not question either the making of the loan or the amount due. In this case, the wrong found by the court on which it based its conclusion that the plaintiff did not have clean hands was with regard to the bankruptcy matter, not the Thompson mortgage that is the subject matter of the present litigation. No evidence was offered establishing any impropriety by the plaintiff with regard to the Thompson mortgage. The wrong alleged and found by the trial court to exist in this case concerned the plaintiff's misleading O'Neil into believing that there was no equity in the mortgaged premises to satisfy the debt owed by the defendants.[8]

---

[7] The trial court discussed the public interest exception to the rule that the wrong must be done to the party against whom relief is sought. The defendants urge us to apply that exception to the facts of this case. We conclude, however, on the basis of the circumstances of this case, that the representations made to the federal court in the bankruptcy proceeding do not involve a public interest so great as to necessitate application of the exception here. Accordingly, we will not apply the exception under the circumstances of this case.

[8] If there is equity in the mortgaged premises, O'Neil could petition the bankruptcy court to exercise its powers to open the bankruptcy case. See 11 U.S.C. § 350.

There was no fraud or deception with regard to the mortgage transaction at issue in this litigation. The defendants should not benefit from any wrong committed by the plaintiff on the bankruptcy court because to allow them to do so would have the effect of penalizing the creditors of the plaintiff's bankruptcy estate, the entities entitled to this asset. Accordingly, we conclude that the court improperly applied the doctrine of unclean hands in rendering judgment in favor of the defendants.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.