ELIAS M. LOEW *v.* HENRY G. FALSEY, BUILDING INSPECTOR OF THE CITY OF NEW HAVEN, ET AL.

INGLIS, C. J., BALDWIN, WYNNE, DALY and COTTER, Js.

Argued October 10—decided November 13, 1956

*Harold M. Mulvey,* assistant corporation counsel, with whom, on the brief, was *George W. Crawford,* corporation counsel, for the appellants (defendants).

*J. Stephen Knight,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought an action in the nature of mandamus to the Superior Court to compel the issuance of a building permit. The court rendered judgment for the plaintiff, and the defendants have appealed.

The finding is not subject to correction. The salient facts are these: The named defendant is the building inspector of the defendant city of New Haven. The plaintiff operates a number of open-air drive-in theaters through two corporations of which he owns the stock and exercises control—E. M. Loew, Inc., which will be referred to herein as the Loew corporation, and E. M. Loew Theaters, Inc. On October 18, 1955, the Loew corporation purchased land on Amity Road in New Haven near the Woodbridge town line for the purpose of developing an

open-air drive-in theater. This land, which the parties have referred to as the DeLucia property, is located in a business A zone, wherein open-air drive-in theaters are permitted. Previously, in September, the Loew corporation had purchased two other parcels, referred to as the DeFelice property, which adjoins the rear of the DeLucia property, and the contiguous Petrillo property, which lies in the town of Woodbridge. The purchase of these three properties was the culmination of a series of negotiations begun in May, 1955. The DeFelice property is in a residence B zone, wherein drive-in theaters are not permitted. On August 17, 1955, an application was made to the New Haven board of zoning appeals by Louis DeFelice, then the owner of record of the DeFelice property, for a variance to permit its use for a parking lot in conjunction with the proposed theater. The day following, August 18, 1955, a draft of a proposed ordinance requiring that all applications for building permits for places to be used for public assembly be first approved by the board of zoning appeals and the board of police commissioners was filed with the city clerk. This proposed ordinance was referred by the board of aldermen, on two occasions, to its committee on ordinances. Notices of public hearings on the ordinance were duly given, and the hearings were held. No final action could be taken by the board of aldermen before its meeting in March, 1956, a date some time after the trial of the present case.

On September 5, 1955, Henry W. Ross, acting as agent for the plaintiff, consulted the defendant building inspector concerning a building permit for the DeLucia property. Thereafter, he employed Charles Cahn to survey the property and Alfred M. Thomas to prepare the plans necessary for obtaining a build-

ing permit. On October 28, 1955, Thomas and Ross went to the office of the building inspector with the prepared plans and specifications to consult with him and his assistant, Mr. Bowman. Thomas and Ross were advised that the plans for a proposed concession building on the DeLucia property complied with the building code and the zoning ordinance of New Haven. On the same day, the city engineer certified that the property on which the proposed structure was to be built was in a business A zone. Thomas, as agent for the plaintiff, executed an application for a building permit which was prepared by Bowman from information supplied by Thomas. In this application, at the place where the identity of the owner is required, the name E. M. Loew was inserted. The application was approved by the building inspector. There was then issued to the plaintiff's agents by the building inspector's office, upon the payment of a $90 fee, a card bearing the following legend: "Building Permit No. 53851 for Concession Bldg. Location 122 Amity Road. Issued 10/28/55. Building Department City of New Haven by H.N.B." The issuance of this card was authorized by the building inspector. The practice of the inspector was to issue such a card to be placed upon the premises where construction was to be undertaken as a notice to the building inspector and the police department. A formal permit was customarily issued later. On November 3, 1955, the building inspector, having been told of the ordinance pending before the board of aldermen, advised the plaintiff that he would not issue the formal permit for that reason. When the plaintiff sought the building permit, he had not yet applied for a certificate of approval of location from the state traffic commission as required by § 1408d of the 1955 Cumulative Supplement.

Upon these facts the plaintiff claims that the court properly directed the defendant to issue the permit. To this claim the defendants say that the permit should not issue for these reasons: (1) The plaintiff has not secured the certificate of approval of location from the state traffic commission. (2) The defendant building inspector is justified in withholding a formal building permit because of the pending ordinance. (3) The plaintiff has failed to comply with the building code of New Haven because the name of the owner of the premises for which the permit to build is sought is not correctly stated in the application.

Section 1408d of the 1955 Cumulative Supplement to the General Statutes provides in part that "[n]o person shall build, establish or operate any open air theater having an exit or entrance on, or abutting or adjoining, any trunk line or state aid highway within this state unless the person building, establishing or operating such open air theater shall have procured from the state traffic commission a certificate that the operation of such open air theater will not imperil the safety of the public." It is conceded that this statute applies to the DeLucia property. It should be noted that there is nothing in the statute which calls for the issuance of a building permit for the construction of a theater on the affected premises before application is made to the commission. In this respect § 1408d differs from General Statutes § 2538, relating to the location of gasoline stations, and § 4655 together with § 2333d of the 1955 Cumulative Supplement, relating to the location of junk yards. Those statutes, by their terms, require certificates of approval from local authorities before the issuance of licenses by the commissioner of motor vehicles. On the other hand, there is nothing before us in the charter, ordinances or building code of the

city of New Haven which specifically makes it necessary to secure the certificate from the state traffic commission before a building permit for a drive-in theater can issue. Nevertheless, the defendants argue that § 1408d is positive and prohibitive in its terms; that the issuance of a building permit would be a nullity unless there had been a prior approval of the location by the commission, and that, consequently, the building inspector is justified in withholding the permit until the certificate is issued. The state legislation making necessary the approval of the location for a drive-in theater before construction can proceed and the local charter, ordinances or codes requiring the issuance of a building permit do not specify the order in which the certificate and the permit are to be obtained by an applicant needing both. There is no language in the statute, nor is it claimed that there is any in the charter, ordinances or building code of New Haven, which indicates a clear legislative intent that approval of the location must precede all else. Courts cannot import into legislation an intent not expressed in some appropriate manner. *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119; *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 A. 540. The building inspector had no discretion to withhold a permit by importing into the law a condition not clearly contained in it. *State ex rel. Gold* v. *Usher,* 138 Conn. 323, 326, 84 A.2d 276. The claim under discussion furnishes no justification for refusing to issue a permit.

The defendants' second claim is that the building inspector was justified in withholding the formal permit because of the pending ordinance. The trial court has found that the plaintiff's plans and specifications complied with the building code and zoning

ordinance of New Haven. The building inspector caused a card to be issued which gave, at least informally, his approval of the issuance of the formal permit. At this stage of the proceedings, such discretion as the building inspector had under the law had been exercised and exhausted. Nothing remained to be done but the purely ministerial act of issuing the formal permit. On this feature of the case the plaintiff was clearly entitled to an order directing its issuance. *Clapp* v. *Ulbrich,* 140 Conn. 637, 642, 103 A.2d 195; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 211, 91 A.2d 773; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543, 12 A.2d 767.

The defendants contend that the plaintiff failed to comply with the building code of New Haven. Paragraph 201.1 of the code states: "The application [for a permit] shall also contain the full name, residence and business address (by street and number when possible) of the owner or owners, of the building and the owner or owners, of the premises upon which the building or structure is to be erected, altered or removed . . . ." The name of the owner of the premises upon which the concession building was to be built was E. M. Loew, Inc. The permit application form contained a space designated simply "Owner." The name E. M. Loew was inserted. It should have been followed by the word "Incorporated." No claim is made that the defendants or anyone else have been misled, or that the insertion of the name of an individual rather than of a corporation was intentional for some purpose. The plans and specifications had been approved by the inspector. There is no reason why a permit for the proposed construction could not have been granted either to E. M. Loew or to E. M. Loew, Inc. In short, there is no jurisdictional defect by reason of the incorrect name of the owner. Under

the circumstances, the application as completed complied substantially with the code requirements. This is all that the law demands. *Heath* v. *Mayor*, 187 Md. 296, 299, 49 A.2d 799; *People* v. *Village of Oak Park,* 268 Ill. 256, 259, 109 N.E. 11; 9 McQuillin, Municipal Corporations (3d Ed.) § 26.207. While the corporation may have held the legal title to the premises, E. M. Loew owned and controlled the corporation. He was the beneficial owner. By analogy, an equitable owner may properly apply for a variance under zoning regulations. *Silverco, Inc.* v. *Zoning Board of Adjustment*, 379 Pa. 497, 500, 109 A.2d 147; *Hickox* v. *Griffin,* 79 N.Y.S.2d 193, 195, 274 App. Div. 792. Unless it appears otherwise, the equitable owner may be deemed agent for the holder of the legal title. *Hickox* v. *Griffin,* supra. The trial court did not err in rendering judgment directing the issuance of the permit.

There is no error.

In this opinion the other judges concurred.