DENT-CRAFT LABORATORIES OF CONNECTICUT, INC. *v.*
JOHN L. SULLIVAN, TAX COMMISSIONER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 1, 1960—decided January 24, 1961

*Howard R. Matzkin,* with whom was *Alvin Rosenbaum,* for the plaintiff.

*Walter T. Faulkner,* assistant attorney general, with whom were *F. Michael Ahern,* assistant attorney general, and, on the brief, *Albert L. Coles,* attorney general, for the defendant.

MURPHY, J.  The plaintiff appealed to the Superior Court from the assessment of a sales tax upon the gross receipts of its sales of dentures to dentists.  Upon a stipulation of facts, the question has been reserved for the advice of this court.[1]

[1] "Are the gross receipts derived by dental laboratories from sales of dentures to duly licensed dentists exempt from sales tax under the provisions of Section 12-412 (s), General Statutes, Rev. 1958 (previously Sec. 2096, Gen. Stats., Rev. 1949, as amended by Sec. 1168d, 1955 Supp.) ?"

What is now subsection (s) of § 12-412 of the General Statutes was enacted in 1955 as Public Act No. 164.[2] By its terms, it exempts from the sales tax articles specifically mentioned and in addition thereto "other equipment worn as a correction or substitute for any functioning portion of the body." In the interpretation of the statute, the defendant promulgated a departmental regulation on July 26, 1955. Conn. Dept. Regs. § 104-26. In subsection (5), he includes, as tax exempt, sales of artificial ears and artificial noses, but specifically includes as taxable sales by dental laboratories of artificial plates, teeth or other dentures.

Dentures are artificial teeth. As prostheses, they are substitutes or replacements for missing parts of the body. They perform the function of masticating food in the absence of natural teeth. That they are correctives or substitutes for a functioning part of the body is without question, and the receipts from their sale are tax exempt under the quoted portion of § 12-412 (s) unless it is elsewhere otherwise expressly provided.

The stipulation recites that the dentures are constructed by the plaintiff upon orders from licensed

---

[2] "[Public Acts 1955, No. 164] AN ACT CONCERNING EXEMPTION FROM THE SALES AND USE TAX OF OXYGEN, BLOOD, ARTIFICIAL DEVICES AND AIDS, CRUTCHES AND WHEEL CHAIRS. Section 1. Section 2096 of the [1949 Revision (now General Statutes § 12-412)] . . . is amended by adding thereto the following subsection: (s) Sales of oxygen, blood or blood plasma when sold for medical use; sales of artificial devices individually designed, constructed or altered solely for the use of a particular crippled person so as to become a brace, support, supplement, correction or substitute for the bodily structure, including the extremities of the individual; sales of artificial limbs, artificial eyes and other equipment worn as a correction or substitute for any functioning portion of the body, and artificial hearing aids when designed to be worn on the person of the owner or user; sales of crutches and wheel chairs for the use of invalids and crippled persons."

dentists and conform to impressions or casts which have been made and furnished by them. The completed dentures are delivered to the dentist, who adjusts them to fit the mouth of the patient. There is no direct dealing between the plaintiff and the person for whom the teeth are ordered, and cannot be, since General Statutes § 20-123 prohibits it and requires that the construction of dentures be done under the direction of a licensed dentist. The defendant claims that since the sale of the completed dentures by the plaintiff is to the dentist and not to the patient, the exemption does not apply.

We cannot follow the defendant's reasoning. He contends that the plaintiff is seeking to include an exemption in the law where its terms do not permit an exemption. See *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 311, 57 A.2d 128. On the contrary, the defendant is seeking to exclude an exemption which is already included by the broad terms of the statute. There is no justifiable distinction, in the application of the statute, between the sale of artificial ears and noses, which the defendant treats as being tax free, and the sale of artificial teeth, which he holds to be taxable. All these devices or aids are "equipment" within the terms of the statute, and since they function as correctives or substitutes for parts of the body the receipts from their sale are tax exempt. It is impossible to read into legislation an intent which has not been expressed in some appropriate manner. *Loew* v. *Falsey,* 144 Conn. 67, 72, 127 A.2d 67.

The question reserved for our advice is answered "Yes."

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.