[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this summary process action to recover possession of commercial space occupied by defendant at 155 Hazard Avenue, Enfield, on the basis of non-payment of rent. Defendant took possession of units 3 and 4 pursuant to a lease on June 1, 1988. The lease called for $3300. rent per month due on the first of each month. When the rent for February 1990 was not paid a notice to quit was issued and served on February 23, 1990. Defendant continues in possession.
Defendant's answer raised six special defenses alleging false representations by plaintiff regarding the availability of another unit in this building, compliance with zoning and planning regulations, compliance with building codes and fire protection requirements, his plans for occupancy of other stores on the premises and the amount of traffic circulating at the premises. Defendant's witnesses admitted that rent for the month of February was not paid. Indeed, the president of defendant testified that they last paid rent in July or August, 1989.
As to the first special defense, defendant's secretary testified that they expressed interest in unit 1 to plaintiff's Leasing agent in 1988. They were told that Rockville Savings Bank had the right to occupy that unit for five years. That statement was true. The bank did not release its option until April, 1 989. As to the second special defense, the Enfield Zoning Enforcement officer testified that he reviewed the plaintiff's application for a building permit and the application for a certificate of occupancy for defendant's package store. On the latter, he wrote "no zoning violations" pertained to the application. Defendant has proved no such violations pertaining to the building on the units in question.
The third special defense alleges misrepresentations regarding to his compliance with building codes. Assistant Building Inspector Gilman testified that the building at 155 Hazard Avenue complies with CT Page 2801 the building code. The code allows for certificates of occupancy to be issued prior to completion of work on the entire building if the space can be occupied safely without endangering life or public welfare. A certificate of occupancy for defendant's space was issued in July, 1988. Defendant was responsible for setting up the space as a package store, a mercantile use. The first business use of a portion of the building did not occur until December, 1988. Gilman further testified that, in a strip center, a building certificate of occupancy is not required unless it is known who the tenants will be. He also testified that on the application for a building permit, he classified the construction as 5B, although he would classify the building as 3B as his review of the building revealed it would qualify for such a designation.
Defendant's fourth special defense is related to the third. Fire protection requirements are part of the building code. While defendant's witness, Kenneth Bergeron, testified that with 5B construction, fire walls or a sprinkler system was required, he did state that if the building's construction were 3B, a fire wall was not required. Plaintiff has constructed a 3 hour fire wall and did so at the town's request. Certificates of occupancy were issued for the defendant's unit after the town engineer and fire marshall approved the application.
The fifth special defense alleges that plaintiff "falsely promised that he would have full occupancy in a short while of all of the stores" but "his present interest was not to fulfill that promise" because he decided not to put in fire walls and sprinkler systems required for full occupancy. The evidence does not support this claim. Plaintiff hired Coldwell-Banker to act as his broker in leasing the premises. While defendant's secretary testified that he was told plaintiff had four or five tenants lined up, he did not testify that plaintiff promised full occupancy in a short while. All of the evidence presented showed that plaintiff did not intend not to promote full occupancy of the premises. To the contrary, when the town requested construction of a three hour fire wall, he complied.
The sixth special defense alleges that plaintiff falsely promised substantial traffic circulating at the building, but decided to steer potential tenants to his competing store locations and to leave 40-50% of the stores empty rather than meet fire safety requirements and "to put related parking spaces in jeopardy of removal and would not install a state traffic control light on Hazard Avenue." Defendant argues that Conn. Gen. Stat. 14-311
requires plaintiff to apply for and obtain a certificate from the state traffic commission that operation of his building will not imperil the safety of the public before the building can be occupied lawfully. Section 14-312-1 of the Regulations of Connecticut State Agencies requires such a certificate if the facility has 200 CT Page 2802 or more parking spaces. Defendant has not proved that such is the case at 155 Hazard Avenue. Defendant did introduce a letter from the Department of Transportation requesting an application under Conn. Gen. Stat. 14-311c. That statute allows grouping of separate parcels "utilized together for a single development purpose." Plaintiff argues that Conn. Gen. Stat. 14-311c(e) makes this statute inapplicable since the adjacent parcel had been approved before July 1, 1985. The assistant building official who testified did not believe a certificate was necessary. Defendant has not sustained his burden of proof that such a certificate is necessary and under which statutory provision. Cf. Loew v. Falsey, 144 Conn. 67
(1956). With regard to the installation of a traffic light, plaintiff has placed $7500. in escrow with the Town of Enfield for a traffic light. He has done all that he can to assure installation of such a light. Defendant did not raise that issue with plaintiff until long after the lease was signed and occupancy was begun.
Defendant has failed to prove any fraudulent misrepresentations by plaintiff or his agent by a preponderance of the evidence, let alone by clear and convincing evidence. Cf. Alaimo v. Royer,188 Conn. 36 (1982).
Judgment of possession for plaintiff will enter.
SUSCO, J.