[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Joseph Voll appeals from a decision of the Zoning Board of Appeals of the City of Milford (hereinafter referred to as "The Board") denying his application (ROR, Item K) for a variance to enable him to proceed with plans for a subdivision located at 139 North Street in the City of Milford. (Initially, this appeal was brought in the names of Attolino and Voll, but at the commencement of this hearing the appeal was withdrawn as to James Attolino. Accordingly, the appeal is dismissed as to the plaintiff Attolino.)
The plaintiff in paragraph 9 of his complaint alleges that as the owner of the premises he is an aggrieved party. The Board in its response to the complaint puts the plaintiff to his proof on this allegation. Since the issue of aggrievement and standing to prosecute the appeal is a matter involving the court's jurisdiction to hear and decide the appeal, Alarm ApplicationsCo. v. Simsbury Volunteer Fire Company, 179 Conn. 541, 548, the issue of whether the plaintiffs are aggrieved must be determined before proceeding to the merits of the appeal.
From evidence offered at the hearing on the appeal before this court, it appears that the parcel of land in question was purchased by BP Milford LLC on October 22, 1996. (P. Ex. 1) This corporation according to testimony of Joseph Voll was set up by him for the sole purpose of being the record owner of the property and that he is the owner of 99 percent of this corporation with his wife being the owner of the remaining one percent. He pays the taxes on the property from his own resources and those resources have paid for whatever maintenance has been required for the structures thereon. The purchase price of the property was also met by the individual resources of the plaintiff. It is the plaintiff's claim that while the application for the variance was filed in the name of Attolino (a partner of Voll at the time o filing for the variances but who no longer has any interest) the real party in interest is himself. By virtue of his purchase of the property albeit through a corporation, and his maintenance of it since the purchase, he claims to have a specific personal and legal interest in the subject matter from which the appeal is taken and consequently possesses the requisite standing to pursue the appeal as an aggrieved party. Bell v. Planning and Zoning Commission,174 Conn. 493, 495.
The Board, through its counsel, contends that the plaintiff and the record owner of the premises BP Milford LLC are two CT Page 15195 separate entities which should not be merged in order to confer "standing" to enable the plaintiff Voll to pursue the appeal. The plaintiff however contends that the question of aggrievement is a factual determination for the trial court from a consideration of all of the evidence presented on the issue. He points out that "standing is not a technical rule intended to keep aggrieved parties out of court" . . . but rather a concept designed to ensure that parties pursuing appeals from municipal bodies have a specific interest in the issue rather than simply a general reaction of injustice. Connecticut State Medical Society v. Boardof Examiners in Podiatry, 203 Conn. 295, 299-300.
It has been held that the beneficial owner of real property to which a corporation has legal title may be aggrieved party and consequently has standing to pursue the appeal. Lowe v. Falsey,144 Conn. 67, 74. In this case the court noted that "an equitable owner may properly apply for a variance under zoning regulations. See also Michael C. Infante v. Planning and Zoning Commission ofMonroe, Superior Court, J.D. of Fairfield at Bridgeport, Docket No. 215062, 12 C.L.T. 17 p. 83.
The court concludes that the plaintiff has demonstrated that he has the requisite specific personal and legal interest in the property affected by the Board's decision to be aggrieved and therefore standing to pursue this appeal.
Turning to the question of whether the Board erred in denying the plaintiff's application, the record discloses that the application (ROR, a) sought a variance because of the irregular shape of the lot in question, its narrow frontage on North Street and the presence of an existing structure. The owner of the property was listed as Joseph G. Voll. The requested variances concerned a front yard set-back of one proposed lot and the lot depth for a second lot, both lots being part of a proposed subdivision which was intended to include a total of six lots with access by way of a private road entering the subdivision from North Street. (ROR, Item 6) All of the lots as proposed contain at least 12,707 square feet which is above the required area of 12,500 square feet for a single residential home for the district in which the property is located. Lots 5 and 6 are not in conformance with the Zoning Requirements as noted in the application filed by the plaintiff as concerns setback and depth. Lot 5 as laid out on the subdivision plan lacks 15 feet of the required depth. Because this lot lies along the proposed private road and is in effect sideways to the street, the "width" far CT Page 15196 exceeds the minimum width and the "depth" is short by some 15 feet of the requirements. The minimum lot dimensions for the zone are 100 feet by 80 feet. Lot 6 presents essentially the same problem lying alongside the proposed private drive with its "width" being in excess of the 85 feet minimum and its depth falling short of the minimum.
The plaintiff also sought a variance for a front yard setback on proposed Lot 6. This part of the premises includes a house, which qualifies for and lies within an established historic district. This house by virtue of its designation may neither be moved nor razed thus interfering with and prescribing the location of the access road to the subdivision. This places the "side yard" of the historic structure which runs along the proposed driveway only 11 feet from the private road instead of the required 30 feet. Were it not for the presence of the historic building the location of the proposed private road would present no conflict with that section of the regulations. It was the claim of the plaintiff that the proposed variances arise out of circumstances unique to this particular property and the proposed subdivision is in harmony with the purpose and intent of the regulations as a whole and are totally compatible with the existing surrounding neighborhood. The plaintiff claims a legal right to the claimed variances as he has demonstrated that (1) the variances requested do not materially affect the comprehensive plan and (2) that the Board's strict adherence to the Zoning Regulation causes an unusual hardship to his contemplated use of the property which is unnecessary to the carrying out of the Zoning plan. See Pike v. Zoning Board ofAppeals, 31 Conn. App. 270, 273. Zoning Boards are empowered to grant variances under Sec. 8-6(3) C.G.S. where the applicant is able to demonstrate that the application meets the above two conditions. Grillo v. Zoning Board of Appeals, 206 Conn. 362,368.
The Board in acting upon the plaintiff's application simply denied it and stated only "that the applicant failed to show sufficient hardship to grant the variance" (Return of Record, Item Z). This court therefore is required to search the record to attempt to find a valid basis for the action taken. Grillo v.Zoning Board of Appeals, 206 Conn. 362. The court is obliged to sustain the Board's action if any reason either stated by the board or discerned form the record is sufficient to support the decision. Prime Rica v. Planning and Zoning Commission,211 Conn. 85. Here, the decision of the Board simply indicates that "the CT Page 15197 applicant failed to show sufficient hardship to grant the variance" (ROR, Item 2) without any further explanation. In reviewing the entire record, the court notes citizen input as reflected in Exhibits (d)(e)(g)(o) and (t). The minutes of the business meeting of the Board (ROR, Item X) reflect the observations of the several members who spoke in support of the motion to deny the application. One member stated that the issues of historical impact and traffic congestion (although as pointed out by counsel for the appellant this is not a consideration of this Board) requires him to conclude that the whole application was a "no brainer" and not a reasonable use of the land. One member suggested that the applicant should meet with the Historic Commission to see if the historic house could be saved although the record indicates that the applicants presentation included the intention to preserve and restore the historic structure as it faces on North Street. One of the neighbors indicated that he was not opposed to the idea of a subdivision but simply opposed the variance as it applied to Lot 6 as it related to depth i.e. 81.61 feet as opposed to the required 100 feet. Another member suggested that the variances requested were reasonable but that the Board should support the neighbors and their concerns. There seems little question that the Board gave substantial weight to the concerns of the neighbors in reaching their decision. The obligation of the Board as set out in Article IX — Zoning Board of Appeals Sec. 9.2.2. (ROR, Item S) was to vary the strict application of any of the requirements of these regulations in the case of an exceptionally irregular or narrow lot for which strict application would result in exceptional difficulty or unusual hardship that would deprive the owner of the reasonable use of the involved land.
The record suggests that the applicant demonstrated that the proposal did not materially affect the comprehensive plan and that his proposed utilization of the entire tract as set out in Exhibit (b) — (the layout) could not proceed on a feasible basis without the required variances. The problems faced by the applicant are unique to this tract because of the existence of the historic residence.
It is the court's conclusion that the record does not reflect an adequate consideration by the Board of the elements raised by the applicant which under the statute would entitle him to the requested variance.
Accordingly, the appeal is sustained. CT Page 15198
George W. Ripley, II Judge Trial Referee