# ARTHUR E. SCOTT, JR., EXECUTOR (ESTATE OF BARBARA H. SCOTT) *v.* MARK M. HEINONEN
## (AC 30438)

Bishop, Gruendel and Harper, Js.

Argued September 25—officially released December 29, 2009

*John D. Tower*, for the appellant (plaintiff).

*Francis G. Pennarola*, for the appellee (defendant).

*Opinion*

HARPER, J. The issue in this appeal is whether the executor of an estate, who has been authorized to market certain real property of a decedent to satisfy the financial obligations of the decedent's estate, has the power to evict an occupant to whom the property has specifically been devised by the will of the decedent. The plaintiff, Arthur E. Scott, Jr., executor of the estate of Barbara H. Scott (decedent), appeals from the trial court's judgment of possession in a summary process action in favor of the defendant, Mark M. Heinonen. On appeal, the plaintiff claims that the trial court improperly concluded that he does not have the power to evict the defendant, who is occupying certain real property that the plaintiff has been authorized by the Probate Court to market for sale. We agree with the plaintiff and conclude that he was entitled to summary process as a matter of law. Accordingly, the judgment is reversed, and the case is remanded to the trial court with direction to render judgment in favor of the plaintiff.

The following facts and procedural history are taken from the record and the decision of the court. The decedent, who was the mother of the defendant, died on December 1, 2006. Prior to her death, the decedent owned certain real property located in Sherman. The property has two residences—a main house and a cottage. The cottage typically was rented out by the decedent for extra income. Shortly before her death, however, the decedent moved into the cottage with her

husband, the plaintiff. At the time of the decedent's death, the defendant lived in the main house on the property and, as of the date of the court's judgment, continued to reside there without paying rent, real estate taxes or insurance premiums for the property.

Prior to her death, the decedent executed a last will and testament. In her will, the decedent named the plaintiff as executor of her estate. The decedent also devised her interest in the property to the defendant and his brother, Karl P. Heinonen, in equal shares.

On August 23, 2007, the plaintiff submitted a petition to market and to sell the property to satisfy creditor claims against the estate and administration expenses. On October 2, 2007, the Probate Court for the district of New Fairfield, *DeFeo, J.*, granted the plaintiff's petition to market the property.[1] Thereafter, the plaintiff served the defendant with a notice to quit possession of the premises by February 20, 2008. On April 4, 2008, the plaintiff filed a complaint in the Superior Court, in which he alleged that the defendant has no right or privilege to occupy the property and requested an order for summary process to evict the defendant. In a memorandum of decision filed October 10, 2008, the court, *Reynolds, J.*, found that "[the plaintiff] has tried to market and sell [the property] pursuant to the Probate Court order so that he can pay the debts of the estate and divide the proceeds pursuant to the will. The defendant will not allow a real estate sign to be placed on the property because that could embarrass his children. He will not give the plaintiff access to the house because he does not want the house shown when his children may be home alone." The court also found that the

---

[1] The order of the Probate Court reads in relevant part: "The application to market the property is and shall be granted. The fiduciary shall submit to the court a copy of a fully executed contract of sale when such contract has been so executed, so that the notice and hearing on approval of sale can be accomplished."

plaintiff has the power of possession and control to satisfy the debts of the estate by marketing the property. Despite these findings, the court concluded that the plaintiff does not have the power to evict the defendant "without a contract of sale or further order of the Probate Court . . . ."

The facts, as found by the court, are not in dispute. The parties' disagreement centers on the court's interpretation of relevant statutes. Resolution of this issue requires us to examine our statutes governing summary process as well as those governing the custody and management of real property following the death of an owner. In doing so, we rely on well established principles of statutory construction. "In construing [a statute], we are mindful of General Statutes § 1-2z, which instructs us that [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that [intent and the meaning of a statute] . . . § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) State v. Rupar, 293 Conn. 489, 505–506, 978 A.2d 502 (2009).

On appeal, the plaintiff claims that the court improperly concluded that he lacks the power to evict the defendant. The defendant concedes that, were he simply "a stranger or a tenant," then the plaintiff, as executor of the estate, would have the authority to evict him. The defendant argues that because the property was specifically devised to him in the decedent's will, the plaintiff lacks the power to evict him without a specific order of the Probate Court granting the plaintiff possession or a contract of sale for the property.

This appeal, therefore, lies at the intersection of our laws and jurisprudence governing summary process and the custody of real property following the death of an owner. Our statute governing summary process trials, General Statutes § 47a-26d, is clear: when a defendant (1) has no right or privilege to occupy real property, (2) has been properly served with notice to quit possession or occupancy, (3) did not have title to the property at the time notice to quit was served on him and (4) continues to possess or to occupy the property, the court will render judgment in favor of the plaintiff.[2] In the present case, it is undisputed that the defendant continues to possess and to occupy the property. Therefore, we must determine (1) whether the order of the Probate Court extinguished the defendant's title, as a devisee, in the property and (2) whether the plaintiff, as executor of the estate, has the power to

[2] Specifically, General Statutes § 47a-26d provides in relevant part that if "the defendant is the occupant of such premises and has no right or privilege to occupy the same and that notice to quit has been given . . . yet . . . the defendant holds possession or occupancy after the expiration of the time specified in such notice to quit . . . and . . . the defendant does not show a title in himself existing at the time the notice to quit possession or occupancy was served upon him, the court shall forthwith enter judgment that the complainant recover possession or occupancy of the premises with his costs . . . ." By the plain language of the statute, if the aforementioned criteria are satisfied, the owner of property is entitled to summary process as a matter of law.

serve the defendant with notice to quit and to evict him. In part I, we conclude that the defendant does not currently hold title to the property, nor did he hold title at the time notice to quit was served on him. In part II, we conclude that the plaintiff, in his fiduciary capacity as executor of the estate, was authorized to serve the defendant with notice to quit and has the power to evict the defendant. As such, it is our determination that the plaintiff is entitled to summary process as a matter of law.

I

The facts of the present case are unique because the defendant was already residing on the property prior to the decedent's death and has continued to occupy the property afterward. The plaintiff, therefore, has not brought an action to quiet title but, instead, has brought an action for summary process in an effort to evict the defendant and to eject him from property that he previously has occupied peaceably. It is axiomatic that a defendant cannot be evicted from property if he either currently has a right or privilege to occupy the property or had title to the property at the time notice to quit was served on him. Therefore, the first issue we must address is if and when the defendant's rights in the property were extinguished.

After a careful review of the language of the relevant statutes in conjunction with our case law, we do not find any support for the defendant's contention that, following an order by the Probate Court authorizing an executor to market a decedent's real property so as to satisfy the debts of the estate, a specific devisee maintains any interest in the property that would serve to prevent an action for summary process against him. General Statutes § 45a-428 (a) provides that when the estate of a deceased person is either (1) insolvent or (2) solvent but with no assets from which debts, taxes

and administration charges against the estate may be paid other than real property that has either been specifically devised or is forbidden by the terms of a will from being sold or mortgaged, the Probate Court is authorized to order the sale of the decedent's real property. See *Zanoni* v. *Lynch*, 79 Conn. App. 309, 318–20, 830 A.2d 304, cert. denied, 266 Conn. 929, 837 A.2d 804 (2003). In the present case, there are debts against the decedent's estate. Further, it is uncontested that the Probate Court properly authorized the plaintiff to market the property for sale to satisfy these debts.[3]

Although "[i]t is fundamental jurisprudence that title to real property vests immediately at death in a deceased's heirs, or in devisees upon the admission of the will to probate"; *Cardillo* v. *Cardillo*, 27 Conn. App. 208, 212, 605 A.2d 576 (1992); such title is not absolute. *Zanoni* v. *Lynch*, supra, 79 Conn. App. 322. General Statutes § 45a-321 governs the custody of real property following an owner's death. Our Supreme Court has held, pursuant to this statutory framework, that the title of an heir or specific devisee is "defeated should it be necessary for the administration of the estate that [the real property] be sold by order of the court, and subject to the right of the administrator to have possession, care and control of it during the settlement of the estate, unless the probate court shall otherwise order." (Internal quotation marks omitted.) *O'Connor* v. *Chiascione*, 130 Conn. 304, 306, 33 A.2d 336 (1943).[4] Thus, "the fiduciary of a decedent's estate possesses a limited statutory right to interfere with the passage of title to a devisee. Upon the death of a testator, the title to the real property devised in his will vests in the devisees,

---

[3] The defendant does not challenge the propriety of the Probate Court's order authorizing the plaintiff to market the property for sale.

[4] In *O'Connor*, our Supreme Court was applying an earlier version of § 45a-321, General Statutes (1930 Rev.) § 4956. Although the statute has been revised slightly, the sum and substance of that earlier revision remains materially intact.

subject to the control of the court and possession of the executor during administration. . . . [U]nder the conditions and for the purposes prescribed by statute, as where the personal property is insufficient to pay the debts of the decedent's estate, his real property and interests therein may be regarded as assets to which his personal representatives may resort." (Citation omitted; internal quotation marks omitted.) *Zanoni* v. *Lynch*, supra, 321.

Given this precedent, a central question we must resolve in our determination of the appeal at hand is at what point, after an executor is authorized to market specifically devised property for sale so as to satisfy the debts of an estate, a devisee's title and interest in such property is extinguished. The defendant argues that he retains a superior interest in the decedent's real property until such time that the plaintiff enters a contract of sale on behalf of the estate or the Probate Court orders him to vacate the property. We disagree. "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987). Our legislature has granted the Probate Court the power to authorize the sale of specifically devised property to satisfy the debts of an estate. Common sense dictates that inherent in such an order is a right to immediate possession and control of such property by the administrator of the estate to make the property marketable. *Cf. LaFlamme* v. *Dallessio*, 261 Conn. 247, 259, 802 A.2d 63 (2002) (noting that in *O'Connor*, the Supreme Court interpreted the precursor to § 45a-321 [a] as giving executors and administrators power of possession, care and control over decedent's real property during administration of estate). If we were to accept the defendant's

argument, we would create an entirely illogical precedent under which any time specifically devised real property was authorized by the Probate Court to be sold, pursuant to § 45a-428, a specific devisee could occupy the real property and frustrate or prevent the executor from exercising his statutory powers.[5] We agree with the plaintiff that such a result would provide specific devisees with an incentive to obstruct an executor's efforts to sell property because the devisee could take exclusive possession without any of the responsibilities attendant to ownership.

"[W]hen an administrator takes possession of his or her decedent's real estate such possession relates back to the time of [the] decedent's death. . . . Accordingly, in such a case *the devisees are deemed never to have taken title* and, consequently, an executor exercising his power to transfer property does not transfer the title from the devisees, but from the estate." (Citation omitted; emphasis added; internal quotation marks omitted.) *Stepney Pond Estates, Ltd.* v. *Monroe,* 260 Conn. 406, 433 n.28, 797 A.2d 494 (2002). Because the court found it necessary for the plaintiff to have possession and control of the property to market it for sale in compliance with the order of the Probate Court, we conclude that any interest or title in the property to which the defendant would have otherwise been entitled was terminated upon the issuance of the order to market the property for sale by the Probate Court and

---

[5] The defendant is not claiming relief under General Statutes § 45a-321 (b), which provides that "[t]he family of the decedent shall be allowed to remain in the dwelling house occupied by him at the time of his death, and may occupy such land and buildings connected therewith as the court considers necessary for their convenience and comfort until the same is sold, distributed or otherwise disposed of according to law." Nonetheless, we note that this enactment applies to *members of the decedent's household,* related to the decedent by blood or marriage, *who were dependent on the decedent.* See *Hall* v. *Meriden Trust & Safe Deposit Co.,* 103 Conn. 226, 236, 130 A. 157 (1925).

in fact never came into being; legal title to the property belongs to the estate. See id.

## II

The remaining inquiry for us is whether the plaintiff has satisfied the jurisdictional requirement for a summary process action. A party seeking summary process must allege and prove ownership, or that it acts as the legal representative of an owner, of the subject property and assert a demand for possession in the form of a notice to quit. Service of proper notice to quit is a condition precedent to the Superior Court's having jurisdiction over a summary process action. See *Lampasona* v. *Jacobs*, 209 Conn. 724, 728–29, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989). Although we agree with the finding of the court that it had jurisdiction to hear the plaintiff's action for summary process, we disagree with the court's determination that the executor is a beneficial owner of the property;[6] we conclude that it is through

---

[6] In its jurisdictional findings, the court determined that this matter was properly before it because the plaintiff is entitled to beneficial ownership of the property, bringing him within the definition of "owner" provided by General Statutes § 47a-1 (e) ("owner" includes one in whom is vested "all or part of the beneficial ownership and a right to present use and enjoyment of the premises"). The court concluded that the term beneficial ownership, in property law, "means such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, and can be enforced by the courts, at the suit of such owner or of some one in his behalf. . . . An administrator or executrix has no such right to enjoyment of real property of the decedent where the property is not necessary to satisfy claims against the estate." (Internal quotation marks omitted.) The court then reasoned that "since the plaintiff has alleged that the property involved is needed to satisfy claims against the estate, the action is properly before this court."

We disagree with the court's characterization of the executor as the statutory owner of the property under § 47a-1 (e). Although we agree that a person may establish beneficial ownership when they have the right to "beneficial use" of or a "beneficial interest" in real property, we must disagree with the implication that an executor, by virtue of an order authorizing him to sell estate property, becomes entitled to any beneficial use of or beneficial interest in the property that would thereby make him the owner

the executor's fiduciary power as the legal representative of the estate that he is able to maintain an action for summary process.

General Statutes § 47a-23 (a) provides in relevant part: "When the *owner* or lessor, or the *owner's or lessor's legal representative* . . . desires to obtain possession or occupancy of any land or building [and] (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor, or such owner's or lessor's legal representative . . . shall give notice to each lessee or occupant to quit possession or occupancy . . . ." (Emphasis added.) The statutory definition of "owner" is set forth in General Statutes § 47a-1 (e): " 'Owner' means one . . . in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises . . . ."

We conclude that the plaintiff, as the legal representative of the owner estate, is in compliance with the provisions of § 47a-23 (a) (3), and, therefore, this summary

of the property. "Beneficial use" has been defined as "[t]he right to use and enjoy property according to one's own liking or so as to derive a profit or benefit from it, including all that makes it desirable or habitable, as light, air, and access; as distinguished from a mere right of occupancy or possession." Black's Law Dictionary (6th Ed. 1990). "Beneficial interest" has been defined as: "Profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from legal ownership or control. When considered as designation of character of an estate, is such an interest as *a devisee, legatee, or donee takes solely for his own use or benefit, and not as holder of title for use and benefit of another.*" (Emphasis added.) Id.

Thus, absent some other interest in estate property separate from those incidental to his duties as a fiduciary, an executor cannot establish beneficial ownership because he will not, as a result of his duties as executor, gain the right to use and to enjoy property according to his own liking or so as to derive a profit, benefit or advantage from the property for himself. The plaintiff is able to maintain his action for summary process not because he *personally is an owner of the property as defined by* § 47a-1 (e), but, rather, because he is acting on behalf and as the legal representative of the estate, which is the legal owner of the property. See General Statutes § 47a-23 (a) (owner's legal representative authorized to give notice to quit possession or occupancy).

process action was properly before the Superior Court. As executor, the plaintiff acts as the fiduciary and legal representative of the estate,[7] which in turn holds legal title to the property and, therefore, maintains ownership. As such, we conclude that because legal title to the property rests with the estate of the decedent, it is well within the executor's power, under his statutory and fiduciary duty to manage the decedent's real property, to maintain a summary process action on behalf of the estate.

## III

## CONCLUSION

The plaintiff was a proper party, capable of bringing an action for summary process. The court found that the plaintiff served the defendant with proper notice to quit possession, satisfying the jurisdictional requirement. The defendant has failed to do so and continues to occupy the property. The Probate Court granted the plaintiff's request to market the property for sale. As we stated previously, the effect of the order of the Probate Court was to grant to the plaintiff, as executor, the right to possess and to control the property so as to make it marketable. Ergo, because the plaintiff as executor is entitled to possession and control of the property, *the specific devisees are deemed never to have taken title*. See *Stepney Pond Estates, Ltd.* v. *Monroe*, supra, 260 Conn. 433 n.28. Thus, the defendant does not hold title to the property, nor did he hold such title

---

[7] Article IX of the decedent's will is entitled "POWERS OF EXECUTOR AND TRUSTEE" and provides: "[The decedent's] Executor and Trustee, and each successor, shall have all the powers provided in Connecticut General Statutes [§] 45a-234 . . . ." The afore-referenced section of the General Statutes falls within the Fiduciary Powers Act, General Statutes § 45a-233 et seq., and enumerates the statutory powers of estate executors. General Statutes § 45a-234 (25) (A) grants executors the power "[to] improve, manage, protect, develop, acquire and make additions to, exchange, and abandon real property or any interest therein . . . ."

at the time he was served with notice to quit possession. As such, the plaintiff is entitled to summary process as a matter of law.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the plaintiff.

In this opinion the other judges concurred.