******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Elgo, Cradle and DiPentima, Js.

*Syllabus*

The plaintiff landlord brought a summary process action against the defen-
dant tenant by serving a notice to quit. The defendant failed to vacate
the property by the required date, and the plaintiff filed a complaint
alleging nonpayment of rent and lapse of time. In her answer, the defen-
dant asserted a special defense pursuant to the statute (§ 47a-23c) that
prohibits landlords from dispossessing disabled tenants residing in a
building or complex that consists of five or more units without good
cause. Even though the building in which the defendant resided con-
sisted of only four units, she claimed that the statutory prohibition
applied because D, a member of the plaintiff, was also a member of L
Co., which owned the two unit building adjacent to her residence and,
as such, the statute should have been broadly construed to define the
two buildings as a complex that consisted of five or more units. The
trial court rejected the defendant's special defense, concluding that
§ 47a-23c did not apply because the two buildings were not under the
same ownership and the building in which the defendant resided con-
sisted of only four units. The trial court rendered judgment for the
plaintiff on the lapse of time count, and the defendant appealed to this
court. *Held* that the trial court properly concluded that § 47a-23c did
not apply to this action because the defendant did not reside in a complex
consisting of five or more units: the defendant did not contest that her
residence and the adjacent building were owned by different entities;
moreover, the defendant did not offer sufficient evidence to establish
that D had beneficial ownership of the two buildings, as, even though
D had an ownership interest in the two landlord limited liability compa-
nies that owned the buildings, no evidence was offered regarding his
control of the entities or the properties, or any profit, benefit or advan-
tage he received from the properties, and his use of the parking lot
that was shared by both buildings when he visited the buildings was
insufficient, on its own, to establish that he had a right to the use and
enjoyment of both properties; accordingly, the two buildings did not
constitute a complex under § 47a-23c.

Argued May 12—officially released October 26, 2021

*Procedural History*

Summary process action, brought to the Superior
Court in the judicial district of New Britain, Housing
Session, and tried to the court, *Hon. Henry S. Cohn*,
judge trial referee; judgment in part for the plaintiff,
from which the named defendant appealed to this court.
*Affirmed.*

*Nilda R. Havrilla*, with whom were *Myklyn Maho-
ney*, and, on the brief, *Jane Kelleher*, for the appellant
(named defendant).

*Johanna S. Katz*, with whom was *Jonathan A.
Kaplan*, for the appellee (plaintiff).

*Opinion*

CRADLE, J. In this summary process action, the defendant Christine Mazzarella[1] appeals from the judgment rendered, following a trial to the court, in favor of the plaintiff, Waters Edge 983, LLC. She claims that the court improperly concluded that General Statutes § 47a-23c, which prohibits landlords from dispossessing disabled tenants residing in a complex consisting of five or more units without good cause, did not apply to this action. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff owns a four unit, multifamily building at 938 Farmington Avenue in Berlin. The defendant has resided at 938 Farmington Avenue since March, 2015, as a tenant. After her initial lease expired on March 15, 2016, the defendant continued residing at the property on a month-to-month basis. Daniel McClutchy, a principal member of the plaintiff, has represented the plaintiff in dealings with the defendant since the beginning of the lease. The property adjacent to 938 Farmington Avenue is 944 Farmington Avenue, a two unit, multifamily building. The property at 944 Farmington Avenue is owned by Ludlow 944, LLC (Ludlow). McClutchy is also a principal member of Ludlow. There is a paved driveway, owned by the plaintiff, located between 938 Farmington Avenue and 944 Farmington Avenue, leading to a parking lot used by the tenants of both buildings. There is no structure separating the two properties.

On June 27, 2019, the plaintiff initiated a summary process action by serving a notice to quit on the defendant, which indicated that the defendant's lease was being terminated for failure to pay rent, lapse of time, and for allowing another person to live in the unit.[2] Although the notice to quit instructed the defendant to vacate the property by July 1, 2019, she remained in possession of the premises. On August 2, 2019, the plaintiff filed a two count complaint alleging nonpayment of rent and lapse of time. The first count alleged that the defendant did not pay rent due on May 1 or June 1, 2019, as required by the terms of her lease. The second count claimed that the month-to-month lease was terminated by lapse of time and, therefore, she no longer had privilege to occupy the premises. On August 7, 2019, the defendant filed an answer as a self-represented party and asserted a special defense under § 47a-23c, which prohibits landlords from dispossessing disabled tenants who reside in a building or complex consisting of five or more separate units without good cause.[3] The defendant indicated in her special defense that 938 Farmington Avenue, in which she resides, is a building or complex that consists of five or more units and that she has a physical or mental disability. On August 15, 2019, the plaintiff filed a reply denying the defendant's special defense.[4]

On September 12, 2019, both parties submitted evidence to the trial court, *Hon. Henry S. Cohn*, judge trial referee. During the trial, McClutchy testified that the defendant had lived at 938 Farmington Avenue for four years and that the building contained four units. He testified that the plaintiff owns 938 Farmington Avenue and that he is a principal member of the plaintiff. He indicated that his wife may also be a member of the plaintiff. He also testified that the building next door, 944 Farmington Avenue, was owned by Ludlow and consists of two units. He testified that he is a principal member of Ludlow and that his wife may be a member of Ludlow. More specifically, he testified that he thinks his wife may be a member of the plaintiff, Ludlow, or both, but he could not recall. He further testified that, other than potentially his wife, there are no other members of either the plaintiff or Ludlow.

The evidence presented at trial showed that the buildings in question are adjacent and share a common driveway and parking lot. Additionally, the defendant presented evidence that she has been diagnosed with several mental impairments.[5]

On September 24, 2019, the court rendered judgment for the plaintiff on the second count of its complaint.[6] The court rejected the defendant's special defense, concluding that § 47a-23c did not apply because the building in which the defendant resided consists of only four units and "[t]he fact that [McClutchy] is the effective owner of an adjacent building does not meet the five unit test."

On November 26, 2019, the defendant filed a motion for articulation seeking clarification of the court's decision. On December 9, 2019, the court issued an articulation stating: "[Section] 47a-23c requires that the tenant reside in a complex . . . or a building having five or more units. Both the 'complex' and the 'five or more' provision require that the building or buildings be 'under the same ownership.' Here the evidence showed that there are adjacent buildings, but the buildings are owned by two separate [limited liability companies (LLCs)]. The building that the plaintiff owns consists of four units only. That a person, McClutchy, has an interest in both LLCs is insufficient under § [47a-23c]. That the buildings have a common driveway is also irrelevant to the issue of 'same ownership.' . . . There were two buildings owned by two different LLCs. The plaintiff LLC owned a building consisting of four rental units. . . . While McClutchy had ownership interests in both LLCs, there was insufficient evidence that the court should hold that the two LLCs should be treated as having the same owner for the purposes of § 47a-23c." This appeal followed.

On appeal, the defendant claims that the court improperly concluded that § 47a-23c did not apply to

this action. Because the building in which the defendant resides consists of only four units, she may only avail herself of the protection of § 47a-23c if that building, along with the adjacent building, can be considered a complex. The defendant argues that the court erred in rendering judgment for the plaintiff on the ground that the two properties at issue did not constitute a complex under § 47a-23c because they were not owned by the same person or entity. We disagree.

The determination of whether the building in which the defendant resides may be considered a complex under § 47a-23c is a question of statutory interpretation over which our review is plenary. See, e.g., *Gould* v. *Freedom of Information Commission*, 314 Conn. 802, 810, 104 A.3d 727 (2014). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) Id., 810–11.

Section 47a-23c (a) (3) defines " 'complex' " as "two or more buildings on the same or contiguous parcels of real property under the same ownership . . . ." Although § 47a-23c does not define the phrase "under the same ownership," we are guided by the definition of " 'owner,' " set forth in General Statutes § 47a-1 (e). Section 47a-1 (e) "defines '[o]wner' as 'one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property, or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession.' " *Hlinka* v. *Michaels*, 204 Conn. App. 537, 542, 254 A.3d 361 (2021).

As noted herein, the trial court determined that the defendant failed to present sufficient evidence to prove that the two properties were owned by the same person or entity. The defendant does not contest the trial court's determination that the buildings are owned by two separate LLCs. The defendant thus concedes that

"McClutchy does not have 'all or part of the legal title to the property' . . . ." She nevertheless argues that the building in which she resides falls within § 47a-23c because "McClutchy has 'all or part of the beneficial ownership' and 'a right to present use and enjoyment' of both" properties.

Although the term "beneficial owner" is not defined by our statutes, it has been interpreted by this court to include "an individual who owns and controls a corporation holding legal title to premises." *Success, Inc.* v. *Curcio*, 160 Conn. App. 153, 156 n.5, 124 A.3d 563, cert. denied, 319 Conn. 952, 125 A.3d 531 (2015); see also *Loew* v. *Falsey*, 144 Conn. 67, 74, 127 A.2d 67 (1956) (holding that individual who owned and controlled corporation was beneficial owner despite fact that corporation had legal title to premises). This court has also held that beneficial ownership may be established "when [one has] the right to 'beneficial use' of or a 'beneficial interest' in real property . . . ." *Scott* v. *Heinonen*, 118 Conn. App. 577, 586 n.6, 985 A.2d 358 (2009), cert. denied, 295 Conn. 909, 989 A.2d 603 (2010). This court explained: " 'Beneficial use' has been defined as '[t]he right to use and enjoy property according to one's own liking or so as to derive a profit or benefit from it, including all that makes it desirable or habitable, as light, air, and access; as distinguished from a mere right of occupancy or possession.' Black's Law Dictionary (6th Ed. 1990) [p. 157]. 'Beneficial interest' has been defined as: 'Profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from legal ownership or control.' " *Scott* v. *Heinonen*, supra, 587 n.6.

Here, although the defendant offered some evidence establishing the degree or extent of McClutchy's ownership interests in the two LLCs, she offered no evidence of his control of them or the properties.[7] The defendant likewise did not present evidence regarding any profit, benefit or advantage received by McClutchy from the properties. The only evidence presented to the court in support of her allegation that McClutchy enjoyed a beneficial use of the two properties was McClutchy's own testimony that, when he visits the properties, he parks in whatever space is available in the parking lot of either property. On the basis of this lone fact, we cannot conclude that the trial court erred in concluding that the defendant failed to prove that McClutchy was the beneficial owner of both properties.[8] Accordingly, the court properly concluded that § 47a-23c did not apply to this case because the defendant did not reside in a complex consisting of five or more units.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "Kim Doe," an unidentified individual who allegedly resided with Mazzarella, was named as a party in this action. She has not participated in this appeal. Any references herein to the defendant are to Mazzarella only.

[2] The notice to quit listed the defendant and Kim Doe as the occupants.

Kim Doe was originally named a defendant in the summary process proceeding but was nonappearing.

[3] General Statutes § 47a-23c provides in relevant part: "(a) (1) Except as provided in subdivision (2) of this subsection, this section applies to any tenant who resides in a building or complex consisting of five or more separate dwelling units . . . and who is . . . (B) a person with a physical or mental disability . . . .

"(b) (1) No landlord may bring an action of summary process or other action to dispossess a tenant described in subsection (a) of this section except [for good cause]."

[4] The plaintiff's reply to special defenses states in its entirety: "Each of the paragraphs contained in the [defendant's] special defense(s), submitted on 8/7/2019 is hereby denied." At trial, the plaintiff did not contest that the defendant has a physical or mental disability.

[5] Following the trial, the parties submitted posttrial briefs to the court. In its brief, the plaintiff argued that the court should adopt a plain meaning approach in interpreting "under the same ownership," as that phrase is used in § 47a-23c (a) (3), to conclude that two distinct limited liability companies cannot be the same owner of a complex. The defendant argued that the court should interpret the statute broadly, in favor of the class of tenants that the statute was enacted to protect. Because McClutchy is a principal member of both companies, the defendant argued that the court should find that the properties are under the same ownership and constitute a complex.

[6] The court rendered judgment for the defendant on count one, nonpayment of rent, for reasons not relevant to this appeal.

[7] The only evidence presented at trial regarding McClutchy's degree of ownership or control of each LLC was his own testimony. McClutchy was asked if he was a member of the plaintiff to which he responded, "Yes." Later, the following colloquy took place:

"[The Plaintiff's Counsel]: The other property depicted . . . what address is that?

"[McClutchy]: 944 Farmington Avenue.

"[The Plaintiff's Counsel]: Okay. And that's owned by what LLC?

"[McClutchy]: Ludlow 944, LLC.

"The Court: But you—that is one that you have an interest or somebody has a joint—

"[McClutchy]: Yes.

"The Court: Is it you or somebody else?

"[McClutchy]: Me.

"The Court: All right. So what's your status in both [the plaintiff and Ludlow], president of the LLC or something like that?

"[McClutchy]: Correct. . . . Sole member."

Later in the trial, the following colloquy ensued between McClutchy and the defendant's counsel:

"[The Defendant's Counsel]: And you already testified that you are the owner and sole member of . . . Waters Edge 938, LLC?

"[McClutchy]: Let me—let me just clarify. My wife may be a member. I honestly am not sure, but she's definitely—it's either myself or myself and my wife in both properties."

McClutchy later reiterated that he was unsure of his exact ownership interest in each LLC and testified, "I know that my wife is involved in the ownership of one or both of the buildings, but from a—from a legal perspective, we've owned these for almost fifteen years and I just can't recall if she is a member of the LLC or not." The testimony also revealed that 938 Farmington Avenue and 944 Farmington Avenue have separate deeds and, as previously stated, are owned by different LLCs.

[8] Moreover, under § 47a-1, an owner must have both "beneficial ownership" and a "right to present use and enjoyment of the premises . . . ." Again, the defendant's sole allegation supporting her contention that McClutchy has a right to the present use and enjoyment of both properties is that he "freely uses the parking spots" located at both properties. When faced with that lone allegation, we cannot conclude that the trial court erred in concluding that the defendant failed to prove that McClutchy had a right to the present use and enjoyment of the properties.

———————————————